409 So.2d 1264 (1982)
STATE of Louisiana, Plaintiff-Appellee,
v.
Lieutenant WIGGINS, Jr., Defendant-Appellant.
No. 14745.
Court of Appeal of Louisiana, Second Circuit.
January 25, 1982.
Samuel Thomas, Tallulah, for defendant-appellant.
George E. Wall, Jr., Tallulah, for plaintiff-appellee.
Before HALL, MARVIN and JASPER E. JONES, JJ.
HALL, Judge.
Under the authority of LSA-R.S. 46:236.1(F)[1] the State of Louisiana filed suit *1265 against the defendant to have him declared the father of Carolyn Parker, a recipient of Aid for Dependent Children, and to obtain a judgment of child support. A hearing was held at which the state adduced evidence to establish defendant's paternity of the child. After this hearing the trial court rendered judgment declaring the defendant to be the father of Carolyn Parker and further ordered the defendant to pay $65 per month in child support. The defendant appealed and we reverse.
On appeal, the defendant argues essentially that the evidence was insufficient to support a finding that he was the father of the child. Defendant argues that, other than the results of blood tests conducted on the mother, the child, and the defendant which established that defendant could be the father of the child, the only evidence which supports the decision of the trial court is the assertion of the mother that defendant is the father of her child. Defendant contends that under LSA-C.C. Art. 210 the oath of the mother is insufficient to establish filiation because the mother is known to be a woman of dissolute manners and has had an unlawful connection with one or more men, other than the defendant, either before or since the birth of the child. Defendant also contends that the state did not establish by a preponderance of the evidence that he had acknowledged the child as his own, either through his actions or through his words.
Pertinent to this suit are LSA-C.C. Arts. 203, 208, 209, and 210. By Act 549 of 1980, effective July 23, 1980, Articles 208 and 209 were amended and Article 210 was repealed. The operative facts of this case took place prior to the amendment and the suit was filed July 11, 1980, prior to the effective date of the amendment. Neither party has raised any issue as to whether the articles prior to amendment or subsequent to amendment apply to this case. Defendant in his brief relies on Article 209, prior to its amendment, and on Article 210, which was repealed by the 1980 act.
Although one decision of this court has characterized the 1980 legislation as substantive and as having no retroactive effect, State v. Watson, 403 So.2d 1249 (La. App. 2d Cir. 1981), it would seem that those provisions of the 1980 legislation relating to evidentiary matters are remedial or procedural in nature and should be applied even where the operative facts occurred and suit was filed prior to the effective date of the legislation. See Page v. American Motorist Ins. Co., Ltd., 381 So.2d 889 (La.App. 2d Cir. 1980).
It is not, however, necessary to resolve this issue in order to decide this case. Under the law as it existed both before and after the 1980 legislation, it was and is necessary for the party seeking to establish filiation to prove such by a preponderance of the evidence. Succession of Washington, 308 So.2d 892 (La.App. 2d Cir. 1975). In this case, the state has not done so.
As noted above, the results of the blood tests indicated that defendant could be the father of the child. The mother testified that she was dating the defendant from 1971 to 1973. Carolyn Parker was born on January 4, 1973. A sister of the mother corroborated the mother's testimony in this regard. Throughout this period of time the mother, then 16 years old, was living at home with her parents. The mother also testified that, although she had other male friends during the time she was seeing the defendant, she was not having sexual relations with anyone but the defendant. The sister confirmed that the mother had other male friends during the time she was seeing the defendant but could not confirm that the mother was not having sexual relations with anyone else.
*1266 The defendant introduced evidence that at the time the mother was dating the defendant and prior to the birth of the child, she was also dating Edward Nutes. The defendant testified that he dated the mother for only three or four months and that they broke up because the mother was seeing Nutes. The defendant denied being the father of the child.
The state attempted to establish that the defendant had acknowledged the child as his. The acts of the defendant which were alleged by the state to constitute acknowledgment were that defendant had given the mother $15 and a box of Pampers shortly after the child was born. Upon questioning by the court, the mother testified that defendant had verbally acknowledged the child as his on one occasion. Neither of these assertions were corroborated. Defendant denied giving the mother $15 and the box of Pampers and asserted he had never acknowledged the child as his own verbally or otherwise. The defendant also introduced evidence that the mother was seeing other men around the time the child was conceived.
This claim of paternity was not asserted for more than seven years after the birth of the child. The mother has since lived with at least two other men and has had another illegitimate child. The defendant has since married and has two children. The defendant never acknowledged the child as his own, formally or informally. There was no relationship between the mother or child and the defendant after the child's birth. There is some evidence that the mother was visited by or dated other men about the time the child was conceived. The facts that defendant dated the mother and had sexual relations with her in the general time period when she became pregnant and that, biologically, he could be the father of the child, are not sufficient to establish paternity by a preponderance of the evidence. The decision of the trial court is manifestly erroneous or clearly wrong. Therefore, we reverse the judgment of the trial court declaring the defendant to be the father of Carolyn Parker and ordering him to pay $65 per month in child support.
For the reasons assigned, the judgment of the trial court is reversed and judgment is rendered dismissing plaintiff's suit. Plaintiff, the State of Louisiana, is cast with such costs of these proceedings as are allowed by law.
Reversed and rendered.
NOTES
[1] "F. The department, except when it is not in the best interest of the child, may, without the necessity of written assignment, subrogation, tutorship proceedings, separation proceedings, or divorce proceedings, take direct civil action, including actions to establish paternity, in any court of competent civil jurisdiction to obtain child support from the person primarily legally responsible for the support of a minor child who is receiving aid to families with dependent children when that person has failed to support such child. The amount of such child support shall be set only by order of a court of competent jurisdiction or by the consent of the parties. A separate and distinct cause of action in favor of the department is hereby created, and suits brought under this provision need not be ancillary to or dependent upon any other legal proceeding."