431 So.2d 864 (1983)
STATE of Louisiana, Plaintiff-Appellee,
v.
Billy SHARPLIN, Defendant-Appellant.
No. 15321-CA.
Court of Appeal of Louisiana, Second Circuit.
May 3, 1983.
C.C. Adams, Jr., Tallulah, for defendant-appellant.
George E. Wall, Jr., Asst. Dist. Atty., Tallulah, for plaintiff-appellee.
*865 Before PRICE, MARVIN and JASPER E. JONES, JJ.
MARVIN, Judge.
In this paternity action by the State under LRS 46:236.1, the defendant appeals a judgment declaring him to be the father of Crystal Barrow, born February 9, 1978, to Jeanie Barrow. Defendant's paternity depends upon his alleged informal acknowledgment of the child which must be proved by a preponderance of the evidence. C.C. Art. 209.
Even when we view the record evidence most favorably in support of the judgment, we find that the State did not meet the burden of proof and reverse and render judgment for defendant. IMC Exploration Co. v. Henderson, 419 So.2d 490 (La.App. 2d Cir.1982).
Defendant's relationship with the mother and his alleged acknowledgment occurred before Act 549 of 1980 amended or repealed the civil code articles regarding proof of filiation. This action was filed and decided after Act 549 of 1980 but the burden of proof here applicable, whether before or after that statute, remains the preponderance of evidence. See State v. Wiggins, 409 So.2d 1264 (La.App. 2d Cir.1982); Succession of Washington, 308 So.2d 892 (La.App. 2d Cir.1975).
The child's mother said that she dated defendant exclusively for five or six months beginning in March 1977 but she did not testify or otherwise establish that they engaged in sexual intercourse. Comparative blood tests of defendant and the child show only that defendant "could" have been the father but are inconclusive as excluding others. Defendant admitted that he dated the mother only for five or six weeks ending March 23, 1977.
The informal acknowledgment is founded upon one incident which occurred about dusk on a street in Tallulah during the summer of 1979 when the child was more than a year old. The mother, her then boyfriend, Ricky, and his sister, Lisa, testified that, with Lisa's then husband, Eddie, they drove around looking for defendant for the purpose of discussing statements they had heard defendant had made about the mother and Lisa "bothering" defendant at his home. Finding defendant on a public street in his vehicle, they blocked him where he could not drive away. In this setting and during the argument that ensued, the mother held up the child to defendant and he acknowledged that the child was his. The defendant denied the acknowledgment.
An informal acknowledgment must be unequivocal, "of a sufficient frequency that there can be little doubt that the alleged father believes himself to be the father of the child." IMC Exploration Co., supra, at p. 508. The one "acknowledgment" made under the circumstances shown does not meet this standard and is not proof by a preponderance of the evidence that defendant is the father of the child. Wiggins, supra; State v. Watson, 403 So.2d 1249 (La.App. 2d Cir.1981).
The judgment appealed is REVERSED and judgment is hereby rendered rejecting the demands of the State at appellee's cost.