485 So.2d 126 (1986)
SUCCESSION OF Elijah SANDERS and Ida Belle Sanders Powell.
Joe Albert BEDFORD, Plaintiff-Appellant,
v.
Harry SANDERS, et al., Defendants-Appellees.
No. 17564-CA.
Court of Appeal of Louisiana, Second Circuit.
February 26, 1986.
Writ Denied May 1, 1986.
*127 Dawkins, Coyle & Carter by Michael S. Coyle, Howard W. Wright, Jr., Ruston, for plaintiff-appellant.
Sharp & McVea by Robert W. Sharp, Jr., Barham, Adkins & Tatum by Tommy J. Adkins, Ruston, for defendants-appellees.
Before HALL, FRED W. JONES, Jr. and LINDSAY, JJ.
LINDSAY, Judge.
Plaintiff, Joe Albert Bedford, appeals the trial court judgment applying LSA-C.C. Art. 209 to his claim for filiation and finding that he failed to establish by clear and convincing evidence the maternal filiation of his father, Joe E. Bedford, to Ida Belle Sanders Powell. We reverse the trial court judgment.
Elijah Sanders was married to Amanda Banks Sanders and they had three children, Harry Sanders, Ida Belle Sanders Powell, and Albert Sanders. Ida Belle Sanders Powell became involved in a relationship with Steve Bedford in the early 1900s. As we will discuss hereafter, an illegitimate son, Joe E. Bedford, was born of this relationship. Elijah Sanders died in 1917, preceded in death by his wife, Amanda Banks Sanders who died in 1897. Albert Sanders died in 1978 survived by a son and a daughter, Kenneth Miller and Alberta Miller Johnson. Ida Belle Sanders Powell died in 1947 and was survived only by her illegitimate son, Joe E. Bedford.
The record also reveals that upon attaining majority, Joe E. Bedford married and of this union plaintiff, Joe Albert Bedford, was born. Joe E. Bedford died in California in 1977, leaving plaintiff, Joe A. Bedford, as his sole surviving heir.
On October 16, 1979, Harry Sanders opened the Successions of Elijah Sanders and Ida Belle Sanders Powell and filed a petition in which he sought to be recognized as the owner and to be sent into possession of one-third of the estate of his father, Elijah Sanders. He also sought to be recognized as the owner of an undivided one-half of the estate of his sister, Ida Belle Sanders Powell, claiming she was survived by no legitimate heirs. However, the petition alleged that Ida Belle had an *128 illegitimate son, Joe E. Bedford, whom she had not acknowledged.
On October 18, 1979 a judgment of possession was signed as prayed for and Harry Sanders was placed in possession of his alleged portion of the succession property. He then donated his portion of the property to his daughter, Nolan Sanders.
On July 27, 1982, the plaintiff filed suit to establish the maternal filiation of his father, Joe E. Bedford, to Ida Belle Sanders Powell and to receive her one-third interest in the succession of Elijah Sanders. Named as defendants were Harry Sanders, Nolan Sanders, Kenneth Miller and Alberta Miller Johnson. The defendants filed exceptions of prescription and no right of action, claiming that under LSA-C.C. Art. 209 plaintiff was barred by prescription from showing maternal filiation. Although the exception of no right of action was ultimately overruled, the trial court sustained the exception of prescription on January 3, 1983, and dismissed plaintiff's suit. Plaintiff appealed that decision to this court, and on August 15, 1983 the trial court judgment was reversed and the case was remanded for further proceedings. Bedford v. Sanders, 437 So.2d 914 (La. App.2d Cir.1983).
Prior to trial the parties entered into a joint stipulation on April 25, 1984, dismissing Harry Sanders as a party defendant because he had previously conveyed his interest in the succession property to his daughter, Nolan Sanders. Rights were reserved against the remaining defendants, Nolan Sanders, Kenneth Miller, and Alberta Miller Johnson.
Trial on the merits to establish plaintiff's father's filiation to the decedent, Ida Belle Sanders Powell, was held on July 25, 1984. Following the trial, the trial court held that LSA-C.C. Art. 209 was applicable, requiring plaintiff to prove filiation by clear and convincing evidence. The court concluded that the plaintiff failed to carry his burden of proof in establishing the filiation of his father, Joe E. Bedford, to Ida Belle Sanders Powell, and dismissed his suit.
Plaintiff has appealed, arguing that the trial court erred in failing to find that LSA-C.C. Art. 209 is unconstitutional, in applying LSA-C.C. Art. 209 to plaintiff's action, and in finding that plaintiff failed to prove filiation by clear and convincing evidence.

CONSTITUTIONALITY OF LSA-C.C. ART. 209
In order to pass scrutinity under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, the actions of the state must be substantially related to carrying out a legitimate state interest. There is a legitimate state interest in insuring the orderly disposition of succession property and in avoiding stale and fraudulent claims. Trimble v. Gordon, 430 U.S. 762, 97 S.Ct. 1459, 52 L.Ed.2d 31 (1977); Lallie v. Lallie, 439 U.S. 259, 99 S.Ct. 518, 58 L.Ed.2d 503 (1978). LSA-C.C. Art. 209 is tailored to meet those state interests. The Louisiana Supreme Court has ruled LSA-C.C. Art. 209 is constitutional regarding proof of paternal filiation, but in its narrow holding the Supreme Court explicitly declined to rule on the constitutionality of LSA-C.C. Art. 209 with respect to an illegitimate child's right to inherit from the mother. Succession of Grice, 462 So.2d 131 (La. 1985). However, under the circumstances of this case, there is a need to clearly establish the link between plaintiff's father and grandmother in order to prevent the possibility of a fraudulent claim. The law must provide a mechanism for the just and orderly disposition of a decedent's property. In order to achieve these goals and because evidence of maternity will be available in most cases, the statutory requirement that proof of maternity be made by clear and convincing evidence after an alleged parent dies does not impose an unduly onerous burden on a plaintiff seeking to establish maternity. We do not find any unfair discrimination in the application of those evidentiary requirements. Therefore we find no constitutional infirmity in LSA-C.C. Art. 209.

*129 APPLICABILITY OF LSA-C.C. ART. 209
The next issue raised by plaintiff is whether LSA-C.C. Art. 209 requiring proof of filiation to a deceased parent by clear and convincing evidence applies to this case. Plaintiff argues that because the operative facts of this case arose prior to the effective dates of the amendments to LSA-C.C. Art. 209, the law applicable to this case is not LSA-C.C. Art. 209, but LSA-C.C. Art. 918 dealing with maternal filiation which provided:
Natural children are called to the legal succession of their natural mother, when they have been duly acknowledged by her, if she has left no lawful children or descendants, to the exclusion of her father and mother and other ascendants or collaterals of lawful kindred....
Former LSA-C.C. Art. 203 provided that acknowledgment could be made in a notarial act, by entries on birth certificates, or baptismal records. However, under former LSA-C.C. Art. 918, the jurisprudence held that the methods of acknowledgment listed under LSA-C.C. Art. 203 were not exclusive to show maternal filiation and such filiation could be obtained by informal acknowledgment in various ways, as by the mother calling the child her own, common knowledge in the community that she is the mother of the child, and through other legal evidence. Briggs v. McLaughlin, 134 La. 133, 63 So. 851 (1913); Allen v. Anderson, 55 So.2d 596 (La.App. Orleans 1951); Goins v. Gates, 93 So.2d 307 (La.App. 1st Cir.1957). Therefore, if former LSA-C.C. Art. 918 were applied to this case, plaintiff would only be required to prove informal acknowledgment of Joe E. Bedford by Ida Belle Sanders Powell by a preponderance of the evidence.
LSA-C.C. Art. 209, dealing with filiation was amended by the legislature in 1980, 1981, and in 1982. Prior to 1982, a plaintiff seeking to establish filiation was required to prove his claim by a preponderance of the evidence. By Acts of 1982, No. 527, the burden of proof of filiation under LSA-C.C. Art. 209 was changed to require proof of filiation to a predeceased parent by clear and convincing evidence.
In the instant case, the plaintiff filed his petition on July 22,1982. Trial was held on July 25, 1984. The amendment to LSA-C.C. Art. 209 changing the burden of proof to clear and convincing evidence in cases involving claims of filiation to predeceased parents became effective September 10, 1982. Because the operative facts of this case occurred prior to the effective date of the new act, we must determine whether the amendment to LSA-C.C. Art. 209 is to be applied retroactively.
LSA-C.C. Art. 8 provides:
A law can prescribe only for the future; it can have no retrospective application, nor can it impair the obligation of contracts.
The jurisprudence has developed the general rule that prospective application applies only to substantive laws, as distinguished from merely procedural or remedial laws which will be given retroactive effect in the absence of legislative language showing a contrary intent. Shreveport Longleaf Lumber Company, Inc. v. Wilson, 195 La. 814, 197 So. 566 (1940); State v. Alden Mills, 202 La. 416, 12 So.2d 204 (1943).
There is support for the proposition that LSA-C.C. Art. 209 deals with substantive rights and should therefore be applied only prospectively. This court has held that LSA-C.C. Art. 209 affects substantive rights and therefore should be applied prospectively only. State v. Watson, 403 So.2d 1249 (La.App. 2d Cir.1981). This view has been followed by other appellate courts in the state. Fontenot v. Thierry, 422 So.2d 586 (La.App. 3d Cir.1982).
Scholarly articles dealing with the retroactivity of LSA-C.C. 209 indicate that the provision deals with substantive rights and should be applied prospectively only. Because the Louisiana Supreme Court has found amendments to the Civil Code articles dealing with disavowal of paternity to affect substantive rights and therefore must be applied prospectively, the argument *130 has been made that the amendments to LSA-C.C. Art. 209 also affect substantive rights and by analogy should not be applied retroactively. Spaht, Developments in the Law, 1980-1981Persons, 42 La.L.Rev. 403 (1982); Spaht, Developments in the Law, 1981-82Persons, 43 La.L. Rev. 535 (1982); Pounds v. Schori, 377 So.2d 1195 (La.1979).
The Louisiana Supreme Court has not made a clear pronouncement concerning the retroactivity of LSA-C.C. Art. 209. However, on one occasion the burden of establishing filiation to a deceased parent by clear and convincing evidence was applied in a case where suit was filed before the amendment to LSA-C.C. Art. 209 created that burden of proof, although the case was tried after the effective date of the amendment. Succession of Bartie, 472 So.2d 578 (La.1985). In that case, the parties agreed that clear and convincing evidence was the proper burden of proof. Although the court observed that the amendment may be substantive and therefore not subject to retroactive application, it did not rule on the issue.
This court has more recently discounted the position taken in State v. Watson, supra. In an action by the state to establish paternity of a child and impose support obligations on the father, this court stated that the 1980 amendment to LSA-C.C. Art. 209 was procedural because it related to evidentiary matters and would be applied retroactively. State v. Wiggins, 409 So.2d 1264 (La.App. 2d Cir.1982). This view was followed in State through Health and Human Resources Administration v. Essex, 427 So.2d 71 (La.App. 4th Cir.1983), writ denied 430 So.2d 82 (La.1983), where it was stated:
There is a conflict in the case law as to whether these provisions are procedural and remedial requiring retroactive application, or substantive having only prospective effect.
In State v. Watson, 403 So.2d 1249 (La.App. 2d Cir.1981), the court held "[T]hese paternity articles being substantive legislation are not retroactively applicable to the instant case." However, in State v. Wiggins, 409 So.2d 1264, 1265 (La.App. 2d Cir.1982), another panel of the Second Circuit stated in dictum:
Although one decision of this court has characterized the 1980 legislation as substantive and as having no retroactive effect [citing Watson] it would seem that those provisions of the 1980 legislation relating to evidentiary matters are remedial or procedural in nature and should be applied even where the operative facts occurred and suit was filed prior to the effective date of the legislation. See Page v. American Motorist Ins. Co., Ltd., 381 So.2d 889 (La.App. 2d Cir.1980).
Wiggins, supra, was followed in IMC Exploration Co. v. Henderson, 419 So.2d 490 (La.App. 2d Cir.1982) in which the court adverted to the amendments but applied the former articles because they were still "in effect at the time of the trial of the instant lawsuit." Similarly, in La Pierre v. Gibson, 420 So.2d 990 (La.App. 4th Cir.1982), this Court refused to apply the amended articles retroactively where the trial had taken place before the effective date of the new articles.
The purpose of the Legislature in enacting the 1981 amendments was:
... to provide a procedure and time limitations for proceedings to establish filiation; to provide for the method and standard of proof in such actions; to provide that failure to institute timely such a proceeding shall bar the claims of such persons to establish filiation to their alleged parents; to authorize the Department of Health and Human Resources to institute proceedings to establish filiation under the Child Support Enforcement Program; and to provide otherwise with respect thereto. 720 La.Acts 1981.
The preface to the 1980 amendments is almost identical. While these provisions may affect an individual's ability to enforce his substantive rights, it is clear to us that the articles relate to evidentiary *131 matters that are procedural in nature and should therefore have retroactive effect.
Based on the facts present in this case, we apply the rationale of State v. Wiggins, supra, and State through Health & Human Resources Administration v. Essex, supra, and find that LSA-C.C. Art. 209 which sets forth the burden of proof for establishing filiation is procedural in nature and should be applied retroactively. Therefore, plaintiff was required to prove the filiation of his father, Joe E. Bedford to Ida Belle Sanders Powell, by clear and convincing evidence.

PROOF BY CLEAR AND CONVINCING EVIDENCE
The trial court found that plaintiff failed to prove the filiation of Joe E. Bedford to Ida Belle Sanders Powell by clear and convincing evidence. Such a finding by a trial court on factual matters will not be reversed on appeal absent a showing of manifest error. Arceneaux v. Domingue, 365 So.2d 1330 (La.1983); Canter v. Koehring, 283 So.2d 716 (La.1973). Here, however, we find that the conclusion reached by the trial court was clearly wrong.
The plaintiff presented the testimony of two elderly ladies, ages 92 years and 77 years, who were well acquainted with Ida Belle Sanders Powell and her family. The testimony of these witnesses revealed that both Ida Belle Sanders Powell and Steve Bedford worked in the home of Judge Barksdale in Ruston. Steve Bedford resided in the servants' quarters behind the judge's residence. Ida Belle and her son were frequent visitors to Steve Bedford's house. One of the witnesses further testified that she regularly attended Sunday School with Ida Belle Sanders Powell and that she went to Elijah Sanders' house to see Ida Belle and her newborn son, Joe. Both she and Ida Belle were approximately 15 years old at the time. The other witness testified that she was often engaged by Ida Belle to keep her son Joe when the child was an infant. When Joe E. Bedford was a small child, his mother, Ida Belle, left him and moved to Des Moines, Iowa. She never returned to permanently live in Louisiana. Although there were some discrepancies in the testimony of these witnesses as to some of the dates upon which the various events occurred, they were both certain that Joe E. Bedford was the natural child of Ida Belle Sanders Powell.
There was further testimony that Harry Sanders' daughter, Nolan, attended the funeral of Joe E. Bedford in California in 1977 as a member of the family.
Plaintiff testified he had always accepted Harry Sanders and Albert Sanders as his uncles and Ida Belle Sanders Powell as his grandmother. He also testified that both Harry and Albert Sanders treated him as part of their family, and that Harry and Albert Sanders visited in his house in California during his father's lifetime. Exhibits were introduced in evidence which showed that Joe E. Bedford joined with Harry and Albert Sanders in paying property taxes on the estate of Elijah Sanders, shared timber proceeds from that land, and all three executed mineral leases on the property.
Defendants presented no evidence to rebut plaintiff's claims. In fact, the petition of Harry Sanders for possession of the succession property of Elijah Sanders & Ida Belle Sanders Powell clearly states that Joe E. Bedford was the illegitimate son of Ida Belle Sanders Powell. This is a judicial confession by the plaintiff in that suit and is clear and convincing evidence from a family member of the filiation of Joe E. Bedford to Ida Belle Sanders Powell. See also LSA-C.C. Art. 2291.[1]
In written reasons for its judgment, the trial court noted that the elderly witnesses who knew Ida Belle Sanders Powell at the time she gave birth to Joe E. Bedford were somewhat confused as to the date upon *132 which the birth occurred and their ages at the time of the event, but they were positive that Joe E. Bedford was the natural child of Ida Belle Sanders Powell.
Based on the facts outlined above, the conclusion is inescapable that Joe E. Bedford was the son of Ida Belle Sanders Powell. To prove a claim by clear and convincing evidence the proof offered must establish the contested fact as highly probable. McCormick on Evidence, Section 340(b) (2d Ed.1972). Plaintiff in this case has met that burden of proof. Therefore, we reverse the trial court judgment and find that the plaintiff established filiation of his father, Joe E. Bedford, to Ida Belle Sanders Powell, by clear and convincing evidence.

CONCLUSION
Applying LSA-C.C. Art. 209 to the facts of this case, we reverse the trial court judgment and hold that the plaintiff established maternal filiation by clear and convincing evidence, and we recognize plaintiff, Joe Albert Bedford, as the sole heir of Joe E. Bedford who was the sole heir of Ida Belle Sanders Powell. Therefore, the judgment of possession granting Harry Sanders an interest in the successions of Elijah Sanders and Ida Belle Sanders Powell is modified and judgment is hereby entered placing plaintiff in possession of all the property of Ida Belle Sanders Powell and Joe E. Bedford, including, but not limited to, an undivided one-third interest in and to the estate of Elijah Sanders. Costs of this litigation are assessed to the defendants.
REVERSED AND RENDERED.
NOTES
[1] LSA-C.C. Art. 2291 was the applicable law at the time the suit was filed and tried in the trial court on July 19, 1984. This provision was reenacted and redesignated as LSA-C.C. Art. 1853, in Acts of 1984, No. 331 § 1, effective January 1, 1985.