490 So.2d 744 (1986)
STATE of Louisiana, Plaintiff-Appellee,
v.
Clifton PIERSON, Defendant-Appellant.
No. 85-538.
Court of Appeal of Louisiana, Third Circuit.
June 25, 1986.
Harold Savoie, Lafayette, for defendant-appellant.
Paula Kobetz Woodruff, Lafayette, for plaintiff-appellee.
Before GUIDRY, DOUCET and MANSOUR,[*] JJ.
GUIDRY, Judge.
The State of Louisiana instituted this action against Clifton Pierson pursuant to La.R.S. 46:236.1 F to prove paternity and obtain child support for four minor children, Rella Thorn, Clifton Thorn, Elcobie Thorn and Travis Thorn. The State alleged that defendant was the biological father of the four children. The State further alleged that Linda Thorn, mother of the four children, now deceased, and defendant had engaged in sexual intercourse with each other from approximately the fall of 1974 to September 1980, and that defendant acknowledged that he was the natural father of the children by his actions and oral admissions. The petition finally alleged that an AFDC grant had been made on behalf of the children, and that defendant was financially able to pay child support.
Domicillary service was had on the defendant on June 22, 1982. Defendant failed to make a timely appearance or file any pleadings. A preliminary default was entered on September 23, 1982. A default judgment, which recognized defendant as the natural father of the children and ordered him to pay $400.00 per month to the Department of Health and Human Resources, Child Support Enforcement Division, *745 was rendered and signed on February 5, 1985. Defendant was personally served with a copy of this judgment on February 7, 1985. Defendant filed for an order of appeal on April 3, 1985 which was granted on April 8, 1985. On appeal, Pierson urges that the judgment of the trial court should be reversed and set aside because it was rendered on insufficient proof.
This court, ex proprio motu, issued a rule to show cause why the appeal of the defendant-appellant, Clifton Pierson, should not be dismissed for untimely filing.

MOTION TO DISMISS
The first issue is whether an appeal from a judgment rendered pursuant to La. R.S. 46:236.1[1] et seq is governed by the provisions of La.C.C.P. arts. 3942 and 3943, or the provisions of La.C.C.P. art. 2087. If La.C.C.P. arts. 3942 and 3943 apply, then this appeal is untimely. On the other hand, if La.C.C.P. art. 2087 applies then the appeal is timely.
La.C.C.P. art. 3942 states:
"An appeal from a judgment granting or refusing an annulment of marriage, a separation from bed and board, or a divorce can be taken only within thirty days from the applicable date provided in Article 2087(1)-(3).
Such an appeal shall suspend the execution of the judgment in so far as the judgment relates to the annulment, separation, or divorce."
La.C.C.P. art. 3943 states:
"An appeal from a judgment awarding custody of a person or alimony can be taken only within the delay provided in Article 3942. Such an appeal shall not suspend the execution of the judgment in so far as the judgment relates to custody or alimony."
La.C.C.P. art. 2087 states:
"Except as otherwise provided in this Article or by other law, an appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken within sixty days of:
(1) The expiration of the delay for applying for a new trial, as provided by Article 1974, if no application has been filed timely;
(2) The court's refusal to grant a timely application for a new trial, if the applicant is not entitled to notice of such refusal under Article 1914; or
(3) The date of the mailing of notice of the court's refusal to grant a timely application for a new trial, if the applicant is entitled to such notice under Article 1914.
When a devolutive appeal has been taken timely, an appellee who seeks to have the judgment appealed from modified, revised, or reversed as to any party may take a devolutive appeal therefrom within the delays allowed in the first Paragraph of this Article or within ten days of the mailing by the clerk of the *746 notice of the first devolutive appeal in the case, whichever is later."
In the instant case, the judgment was signed on February 5, 1985, and served upon the defendant on February 7, 1985. Since no motion for new trial was filed, the seven day delay period for applying for a new trial expired on February 14, 1985 (seven days from the day after service of the notice of judgment). La.C.C.P. arts. 1974 and 2087. The defendant-appellant then either had 30 days from that date or 60 days from that date within which to perfect his appeal, depending on which procedural article is applicable to judgments rendered under La.R.S. 46:236.1 et seq.
La.C.C.P. art. 3943 pertains to judgments awarding custody of a person or alimony. The term "alimony" has been held to include child support awards. See Verrett v. Verrett, 397 So.2d 840 (La.App. 4th Cir. 1981). However, the judgment in the instant case goes beyond a mere judgment of child support, it also determines the issue of paternity vis-a-vis the State and the defendant. The initial and most important determination in these proceedings is one of paternity. Without initial proof of paternity, the State cannot secondarily demand child support payments. La.C.C. art. 240; Haynes v. Cargo, 422 So.2d 267 (La. App. 4th Cir.1982).
Appeals in paternity suits are governed by the provisions of La.C.C.P. art. 2087. Because the trial court had to first make a determination of paternity and then make an ancillary decision on child support, we hold that appeals from judgments rendered under La.R.S. 46:236.1 F are governed by the delays set forth in La.C.C.P. art. 2087. Since such judgments go beyond the issue of child support, they cannot be governed by the delays in La.C.C.P. art. 3943 which apply to judgments solely awarding alimony or custody. Therefore, defendant-appellant's appeal in this case was timely.

PATERNITY PROOF
Defendant contends that the State did not prove paternity in this case by a preponderance of the evidence.
The judgment in this case was obtained by default.
La.C.C.P. art. 1702 states in pertinent part as follows:
"A. A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case ..."
A prima facie case, sufficient to confirm a judgment of default, is established only when the plaintiff proves the essential allegations of his petition to the same extent as if those allegations had been specifically denied. Perrodin v. Zander, 441 So.2d 12 (La.App. 3rd Cir.1983), writ denied, 444 So.2d 120 (La.1984).
In the instant case the plaintiff alleged that defendant and the deceased mother of the children had sexual relations over a period of years, and that defendant had acknowledged that the children were his through actions and admissions.
At the hearing in this matter, the State presented two witnesses, the maternal grandmother of the children and the sister of the deceased mother. The transcript of evidence is less than two pages. No evidence whatever was adduced to support the State's allegation that defendant and the mother had engaged in sexual intercourse over a period of some six years. There is no evidence indicating how the alleged natural father acknowledged either by actions or admission, or both, that the Thorn children were his biological children. Each witness was simply asked the leading question, whether defendant had admitted that he was the father of the children, to which each witness responded "yes". Further, no evidence was adduced concerning needs of the children or the defendant's financial ability to meet those needs. In this connection the only evidence presented were the following questions and the responses of the maternal grandmother:
"Q. Do you need support to help raise the children?
A. Yes.
. . . . .

*747 Q. Would four hundred ($400.00) dollars a month help support the children?
A. Yes."
Clearly, the evidence adduced in this matter did not make proof of the essential allegations of the State's petition sufficient for the rendition of a default judgment. Therefore, the judgment of the trial court must be reversed and set aside. However, in the interest of justice, we will remand this matter to the trial court for a new trial, with the opportunity being allowed each party to file any additional pleadings and such evidence as may be desired. La. C.C.P. art. 2164; Sanchez v. Sanchez, 460 So.2d 24 (La.App. 1st Cir.1984); Roark v. May, 367 So.2d 397 (La.App. 3rd Cir.1978), writ denied, 368 So.2d 123 (La.1979).
For the above and foregoing reasons, the judgment of the trial court is reversed and set aside. This matter is remanded to the trial court for further proceedings in accordance with law and the views expressed hereinabove.
REVERSED AND REMANDED.
NOTES
[*] Judge Alfred A. Mansour of the 9th Judicial District Court participated in this decision as Judge Pro Tempore of the Third Circuit Court of Appeal.
[1] La.R.S. 46:236.1 states in pertinent part as follows:

"...
B. The department is hereby authorized to develop and implement a program of family support in AFDC cases designed to:
. . . . .
(3) Establish paternity.
. . . . .
F. The department, except when it is not in the best interest of the child, may without the necessity of written assignment, subrogation, tutorship proceedings, separation proceedings, or divorce proceedings, take direct civil action, including actions to establish filiation against an alleged biological parent notwithstanding the existence of a legal presumption that another person is the parent of the child solely for the purpose of fulfilling its responsibility under this Section, in any court of competent jurisdiction, to obtain an order, judgment, or agreement of support against the responsible person in any case in which an AFDC grant has been made for or on behalf of a child or children or in any case in which the department has agreed to provide services for a non-AFDC applicant. The amount of such support shall be set only by order of the court or by the consent of the parties, but in either case the department shall be designated as payee. A separate and distinct cause of action in favor of the department is hereby created, and suits brought under this provision need not be ancillary to or dependent upon any other legal proceeding...."