GOTHARD, Judge.
Defendant, Warren Jeffery, appeals a judgment of the Jefferson Parish Juvenile *104 Court confirming a default judgment of paternity against him. We affirm.
On May 22, 1992, Trenise Deboue and the State of Louisiana Department of Social Services instituted this action to prove paternity and obtain child support, naming Mr. Jeffery as the biological father of the minor child, Terrance Deboue. Personal jurisdiction was obtained over Mr. Jeffery, who now lives in Georgia, in accordance with the Long Arm Statute. LSA-R.S. 13:3201 et seq. Mr. Jeffery failed to appear or answer the pleading, and on July 29, 1992 a preliminary default was entered. After a hearing on April 13, 1993, the preliminary default was confirmed and the trial court recognized Mr. Jeffery as the biological father of Terrance Deboue. Mr. Jeffery was served with a copy of that judgment on April 16,1993. He appeals that judgment.
On appeal, the defendant contends the judgment is invalid because the state failed to meet the requirements of LSA-C.C.P. art. 1702A. That provision in the law provides that, “A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case.” In order to establish a prima facie ease a plaintiff must prove the essential elements of the claim by competent evidence with legal certainty, as fully as though each allegation was specifically denied by the defendant. Hollis v. Norton, 586 So.2d 656 (La.App. 5th Cir.1991).
The state is authorized to initiate paternity proceedings to establish filiation of a minor child when the state is obligated to provide services. LSA-R.S. 46:236.1B(l)(c). The burden of proof in these proceedings is by a preponderance of the evidence. LSA-C.C. Art. 209. Thus, taken as a whole, the evidence must show that the fact or cause sought to be proven is more probable than not. Laprarie v. King, 575 So.2d 921 (La.App. 2d Cir.1991), writ den., 578 So.2d 140 (La.1991).
In the instant case the state introduced oral testimony from the minor child’s mother, Trenise Deboue. She testified that she had a sexual relationship with Mr. Jeffery in 1979 and during that relationship she conceived and gave birth to her son, Terrance. She stated that Mr. Jeffery refers to this child as his son, acknowledges that he is the child’s father and has maintained an ongoing relationship with the child since his birth. Mr. Jeffery has provided clothing for the child and Terrance goes to Georgia on holidays to visit Mr. Jeffery.
Nichole Divinity, a mutual friend of Ms. Deboue and Mr. Jeffery, testified that she knew the couple when they were together and has seen Mr. Jeffery with the child. She stated that Mr. Jeffery admitted to her that he is Terrance’s father and has referred to Terrance as his son in her presence.
Jeanine Harris gave testimony similar to that of Ms. Divinity. She knew Mr. Jeffery and Ms. Deboue and has been in the company of Mr. Jeffery and Terrance. She testified that Mr. Jeffery admitted to her that he is the child’s father.
The state also offered testimony from Mary Gaubert, an employee of the Jefferson Parish District Attorney’s Office. She testified regarding the filing of the petition to establish paternity and the service of process on Mr. Jeffery. In conjunction with her testimony, the documentary proof of service was introduced into the record.
We find the evidence presented is sufficient to establish a prima facie case of paternity. Consequently, we find no error in the trial court’s judgment. The judgment of the trial court is affirmed and the costs of this appeal are assessed to the appellant.

AFFIRMED.