688 So.2d 137 (1997)
STATE of Louisiana, DEPARTMENT OF SOCIAL SERVICES and Annette Matthews
v.
Warren MATTHEWS.
No. 96-CA-711.
Court of Appeal of Louisiana, Fifth Circuit.
January 28, 1997.
*138 Samuel W. Ethridge, Kenner, for Defendant/Appellant.
Jack M. Capella, District Attorney, Alison Wallis, Assistant District Attorney, Gretna, for Plaintiff/Appellee.
Before GAUDIN, DUFRESNE and DALEY, JJ.
DALEY, Judge.
In this appeal, Warren Matthews appeals the Juvenile Court's confirmation of a default judgment against him, finding that he is the father of the minor, Wynette Carey. On appeal, he argues that the trial court did not have personal jurisdiction over him, and that the appellees did not present a prima facie case of paternity. We affirm the paternity determination, vacate the support award, and remand for further proceedings.
Annette Matthews is the mother of Wynette Carey, conceived in December, 1977 and born on September 22, 1978. Annette and the defendant were married on December 7, 1978, approximately two and a half months after the child's birth, and were divorced *139 by a Kentucky divorce decree on August 29, 1983.[1]
The State of Louisiana through the Department of Social Services and Annette Matthews filed a Petition to Prove Paternity and Obtain Child Support on May 22, 1992, alleging that Annette and the defendant had had a sexual relationship in 1977, resulting in the conception of Wynette. The petition further alleged that the child was conceived in Louisiana, born in Orleans Parish, and has continued to reside in this State (now in Jefferson Parish). The petition alleged that Matthews had admitted the child was his own, and he had provided food, clothing, and financial support for the child, and had visited the child.
Defendant filed Exceptions of Lack of Personal Jurisdiction (he alleged he is domiciled in Florida), Res Judicata, No Cause of Action, and No Right of Action. On October 19, 1992, the juvenile court denied all exceptions except res judicata, finding that the Kentucky divorce decree stated that no children were born of the marriage. On the State's Motion for Appeal, this court reversed, finding that the record was unclear whether a Kentucky divorce proceeding between the mother and Matthews had litigated the issue of the minor child's paternity. The case was remanded for further proceedings[2]. Defendant did not appeal the trial court's ruling or this court's ruling. The record is clear that Wynette was born before the parties married; therefore, the Kentucky court's finding that no children were born of the marriage is clearly not dispositive of the child's paternity.
Following the remand, the Juvenile Court on April 26, 1993, issued a Rule to Show Cause why blood work should not be ordered. Evidently, service was returned. Numerous other rules to show cause were issued and service by certified mail attempted: September 24, 1993; December 3, 1993; March 22, 1994; April 29, 1994; and August 1, 1994. It is well established that a party may not defeat service by merely refusing to accept the letter containing the citation. Dean v. Waters, 95-2365 (La.App. 4 Cir. 12/14/95), 667 So.2d 1137. In the case of the Long Arm Statute, employed here, the legislature has created a procedure for those cases (LSA-R.S.13:3205(a)), requiring the plaintiff to execute an affidavit of service and enter it into the record. Plaintiffs have complied with this requirement.
On January 11, 1996, the State moved for a Preliminary Default against defendant. The Confirmation of Default was heard and granted on April 10, 1996. On April 22, 1996, an IV-D Income Assignment was ordered of defendant's wages from payor, Metropolitan Dade County of Florida. A Judgment of Paternity and Order of Support was entered on June 3, 1996. Defendant filed a Motion for Devolutive Appeal on July 11, 1996.

Jurisdiction
On appeal, defendant first argues that the court did not have in personam jurisdiction over him. The record shows that the juvenile court overruled Matthews' Exception of Lack of Personal Jurisdiction in 1992, and that defendant did not appeal this ruling. We note that the instant default judgment was not rendered in a "new" proceeding, but in a continuation of the same suit in which defendant's exception was overruled. Only one Petition for Support has been filed, and in prior proceedings therein the trial court rejected defendant's Exception of Lack of Personal Jurisdiction. Defendant cannot now raise this issue again, having failed to appeal the denial of this exception in 1992.
However, this court finds that personal jurisdiction over defendant was proper under the Long Arm Statute, LSA-R.S. 13:3201 and LSA-Ch.C. art. 1302.1, which state in pertinent part:
§ 3201. Personal jurisdiction over nonresidents
A. A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from any one of the *140 following activities performed by the nonresident:
* * * * * *
(7) Parentage and support of a child who was conceived by the nonresident while he resided in or was in this state.
Art. 1302.1. Basis for jurisdiction over nonresident
In a proceeding to establish, enforce, or modify a support order or to determine parentage, a court of this state may exercise personal jurisdiction over a nonresident or his tutor in any of the following situations:
* * * * * *
(6) The nonresident engaged in sexual intercourse in this state that may have resulted in conception of the child.
* * * * * *
(8) There is any other basis consistent with the constitutions of this state and the United States for the exercise of personal jurisdiction.
The petition states that defendant and Annette began a sexual relationship Louisiana in 1977, resulting in the conception and birth of Wynette in New Orleans in 1977. Personal jurisdiction over defendant has been satisfied under both statutes.
Defendant also argues that service and citation were legally insufficient. Insufficiency of service is an objection which must be raised by declinatory exception and pleaded prior to answer or judgment by default. LSA-C.C.P. arts. 925 and 928. The question of sufficiency of service on a non-resident defendant may not be raised for the first time on appeal, but rather the issue should be raised in a suit to annul the judgment. State through La. Div. of Health and Human Resources v. Simmons, 542 So.2d 1150 (La.App. 2 Cir.1989). This issue is not properly before us on appeal.

Default Judgment
LSA-C.C.P. arts. 1701 and 1702 state the requirements for the entry of a default judgment against a defendant. In pertinent part, they state:
Art. 1701. Judgment by default
A. If a defendant in the principal or incidental demand fails to answer within the time prescribed by law, judgment by default may be entered against him. The judgment may be obtained by oral motion in open court or by written motion mailed to the court, either of which shall be entered in the minutes of the court, but the judgment shall consist merely of an entry in the minutes.
Art. 1702. Confirmation of default judgment
A. A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case. If no answer is filed timely, this confirmation may be made after two days, exclusive of holidays, from the entry of the judgment.
A prima facie case, sufficient to confirm a judgment of default, is established only when the plaintiff proves the essential allegations of his petition to the same extent as it those allegations had been specifically denied. Collins v. Estrade, 93-977 (La.App. 5 Cir. 5/11/94), 638 So.2d 275.
The Paternity Judgment
Under CC. Art. 209, proof of filiation to a living parent must be made by a preponderance of the evidence. Thus, taken as a whole, the evidence must show that the fact or cause sought to be proven is more probably than not. C.C. Art. 209; Worley v. Thirdkill, 506 So.2d 1288 (La.App. 2d Cir.1987); Sharff v. Tanner, 486 So.2d 1047 (La.App. 2d Cir.1986); State through DHHR v. Smith, 459 So.2d 146 (La.App. 2d Cir.1984); State v. Sharplin, 431 So.2d 864 (La.App. 2d Cir.1983); State v. Essex, 427 So.2d 71 (La.App. 4th Cir.) writ denied, 430 So.2d 82 (La.1983). It is essential that the default judgment be supported by the law and evidence; if any portion of the default judgment be supported by the law and evidence; if any portion of the default judgment evidence does not amount to and is not supported by the law and evidence, that portion must be stricken. See Perrodin v. Southern Siding *141 Company, 524 So.2d 885, 890 (La.App. 3d Cir.1988).
The determination of whether there is sufficient proof is a question of fact and should not be disturbed on appeal unless it is manifestly erroneous. State in the Interest of Braden v. Nash, 550 So.2d 866 (La.App.2d Cir.1989); Williams v. Olden, 561 So.2d 871 (La.App. 2d Cir.1990).

Laprarie v. King, 575 So.2d 921 (La.App. 2 Cir.1991).
In establishing paternity, the court should consider evidence of the following factors:
Whether the mother and alleged father had a relationship during which they engaged in sexual intercourse; the mother was not having sexual relations with other men and that no one else could be the father; her belief that the defendant was the father; the approximate date of conception in relation to the time of the sexual relationship; the child's birth date; and the alleged father's informal acknowledgment of the child through financial aid and statements made, both verbal and through his conduct.
No one factor is sufficient alone, but a consideration of several of these factors may constitute a preponderance of the evidence. Laprarie v. King, at p. 925.
In the instant case, the trial court heard testimony from Wynette's mother, Annette Matthews, and her friend Charlotte January. Additionally, Karen Lucas, a paternity worker for the Jefferson Parish District Attorney's Office, also testified.
Annette Matthews testified that she was the mother of Wynette Carey, born on September 22, 1978. The child resides with her in Jefferson Parish. She was not married at the time of Wynette's birth. Matthews testified that defendant is the father of the child, that he currently lives in Homestead, Florida, and the two have known each other since 1976. She testified that the two began having a sexual relationship in 1977, resulting in the conception of Wynette in December of that year. Annette said that Warren has admitted to her that he is Wynette's father, that when the child was younger he gave her money and gifts, and he referred to her as his daughter. He visited the child when she was younger and he lived locally. Warren went into the service when Wynette was a baby. At the current time, Annette was unemployed and was receiving AFDC payments.
Charlotte January, a neighbor of Annette's, testified that she knew both the parties "since they hooked up"(i.e. before the baby's birth), and Warren referred to the child as his, and the girl referred to Warren as her daddy. She further said that he has always admitted to her that he is the child's father.
In State Dept. of Social Services v. Jeffery, 628 So.2d 103 (La.App. 5 Cir.1993), this court found that paternity had been proven by a preponderance of the evidence. The trial heard testimony from the child's mother that she engaged in a sexual relationship with the putative father during which she conceived the child, that the defendant referred to the child as his, provided clothing for the child, and visited the child on holidays. The court heard testimony from two additional witnesses that knew the couple when they were together and stated that the defendant admitted to each of them that he was the child's father.
In this case, Warren argues that the court erred in accepting hearsay testimony. Defendant argues that this case is similar to State v. Pierson, 490 So.2d 744 (La.App. 3 Cir.1986). However, that case can be clearly distinguished. In Pierson, the mother herself did not testify, as she was deceased. The entire transcript consisted of two pages of total testimony from the deceased mother's mother and sister. There was no evidence of the mother and defendant's alleged sexual relationship or of the defendant's actions informally acknowledging the children. In the instant case, the mother testified regarding her own actions, i.e. her sexual relationship with the defendant when the child was conceived. Such is not hearsay testimony. The fact that her testimony was not subject to cross examination is attributable to the defendant's failure to accept valid service and appear at the proceeding.
*142 The paternity judgment is further supported by the fact that the parties were married less than three months after the child in question was born, and there is at least circumstantial evidence that the parties had a sexual relationship before, during, and after the mother's pregnancy. We find that sufficient evidence exists to establish the defendant's paternity.

The Support Judgment
Karen Lucas of the Jefferson Parish District Attorney's Office testified that she arrived at a monthly support figure of $453.60 per month, retroactive to May 22, 1992. This figure was reached by imputing minimum wage salary to Annette Matthews, since she was not employed and the child is over the age of five,[3] and combining it with the defendant's income, which DA's office received from the defendant's employer, Metropolitan Dade County of Florida.
LSA-R.S. 9:315 et seq contain detailed steps for calculating the child support amount. There is no evidence whatsoever in the record of the defendant's income, other than statements by Lucas and the prosecutor that they received this information from defendant's employer. Additionally, there is no evidence in the record of Annette Matthews' earning capacity or lack thereof. We hereby vacate the monetary amount of support and remand for the introduction of evidence and correct determination of the support obligation as outlined by LSA-R.S. 9:315 et seq.
Defendant has alleged in brief that this is a case of welfare fraud, asserting that the child for whom the mother has been receiving State assistance has not been residing with or supported by the mother. The defendant should be allowed to pursue these claims before the court when the court considers the proper parental support obligation.
Accordingly, we affirm the trial court's determination that Warren Matthews is the father of Wynette Carey. We vacate the award of support and remand for further proceedings consistent with this opinion.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
NOTES
[1] The petition does not state that the parties were married and subsequently divorced.
[2] 615 So.2d 1112 (La.App. 5 Cir.1993).
[3] As per LSA-R.S. 9:315.2 and 315.9.