|, GAUDIN, Judge.
This is an appeal by Al’s Pest Control Service, Inc. from a default judgment entered in the 24th Judicial District Court ordering it to pay $15,988.14 plus $5,000.00 attorney fees to Mr. and Mrs. Eugene Roberson. We affirm the main award after reducing it by $802.00 and we reverse the award for attorney fees.
The Robersons filed suit' and service of process was made on Al’s Pest Control Service. A preliminary default was entered on June 26,1997: Al’s Pest Control Service still had not responded by August 15, 1997; on that date, the judgment was confirmed. No reason has been given why Al’s Pest Control Service did not timely file an answer or any other pleading in district court.
At the confirmation hearing, both Rober-sons testified. They had contracted with Al’s Pest Control Service on June 23, 1995 for termite treatment of their residence. Following a reinfestation of termites, they contacted Al’s Pest Control Service, which sent a representative to the Roberson house but no further work was done by this service. The Robersons also contacted Sears, which sent K. Hakeem to inspect the termite damage and to prepare an estimate for repair work.
*642 On appeal, Al’s Pest Control Service contends that the evidence presented at the confirmation hearing was not sufficient to support the Insulting judgment.
Code of Civil procedure article 1702 states, in pertinent part:
“A judgment of default must be confirmed by proof of the demand sufficient to establish a prime facie case. If no answer is filed timely, this confirmation may be made after two days, exclusive of holidays, from the entry of the judgment of default.
“When a demand is based upon a conventional obligation, affidavits and exhibits annexed thereto which contain facts sufficient to establish a prima facie case shall be admissible, self-authenticating, and sufficient proof of such demand. The court may, under the circumstances of the case, require additional evidence in the form of oral testimony before entering judgment.”
The Robersons presented a prima fa-cie ease. Their unchallenged and detailed testimony was supported by introduction of (1) the original contract, (2) various photographs showing the termite damage and (3) the Sears estimate in the amount of $15,-186.14. There is no evidence that Al’s Pest Control Service inspected the premises “at least once prior to the expiration of the agreement,” as it was obligated to do.
In any event, the Robersons saw the events complained of from start to completion and testified appropriately. It was not reversible error for the trial judge to accept as factual this testimony. See Abbyad v. Mathes Group, 671 So.2d 958 (La.App. 4 Cir.1996), wherein the trial court accepted the plaintiffs “first hand experience in dealing with the project.” Also, the Abbyad court permitted evidence on the actual cost of rebuilding.
In State, Dept. of Soc. Serv. v. Matthews, 688 So.2d 137 (La.App. 5 Cir.1997), this Court said at page 141:
“The determination of whether' there is sufficient proof is a question of fact and should not be disturbed on appeal unless it is manifestly erroneous.”
It is true, as appellant points out, that the Sears representative did not testify and that Mrs. Roberson did testify about what the Sears representative had told her. She stated that the Sears representative “... said Lthat he (Al’s) done me in because a lot of things he was supposed to do, he didn’t do.”
Nonetheless, there is enough other testimony and documentary evidence, including photographs, to justify the trial judge’s award for breach of contract. In making the award for $15,988.14, it seems apparent that this figure was inadvertently used instead of the amount stated in the Sears estimate, which was $15,188.14.
Regarding attorney fees, we are unaware of any statute permitting such an award in cases like this. Nothing in the contract would allow the Robersons to seek attorney fees. Accordingly, the $5,000.00 attorney fees award is set aside and voided and the main award reduced to $15,186.14; otherwise, the August 15, 1997 judgment is affirmed.
AFFIRMED IN PART, REVERSED IN PART.