499 So.2d 426 (1986)
1436 JACKSON JOINT VENTURE, an Ordinary Louisiana Partnership
v.
WORLD CONSTRUCTION COMPANY, INC. and Paul Howard Johnsa.
No. CA-5117.
Court of Appeal of Louisiana, Fourth Circuit.
November 25, 1986.
*427 Lloyd N. Shields, Paul J. McMahon, III, Simon, Peragine, Smith & Redfearn, New Orleans, for appellee.
Douglas A. Kewley, Celeste Brustowicz Metairie, for appellant.
Before REDMANN, C.J., and SCHOTT, BARRY, CIACCIO and WILLIAMS, JJ.
WILLIAMS, Judge.
World Construction Company, Inc. appeals a default judgment in favor of 1436 Jackson Joint Venture in the amount of $2,070,996.09.
1436 Jackson Joint Venture (Joint Venture) brought suit against World Construction Company, Inc. (World) and Paul Howard Johnsa for damages allegedly incurred by Joint Venture incident to a construction contract between Joint Venture and World to construct condominiums in New Orleans. Plaintiff's petition alleged that World was in default of its contractual obligations and that plaintiff sustained damages for cost over-runs, additional financing and marketing costs, legal and expert fees, and payment to unpaid subcontractors and suppliers.
After being served with Joint Venture's petition World filed a motion for an extension of time to answer. Approximately two weeks later World's attorney of record withdrew. Subsequently a default judgment was rendered against World in the sum of $2,070,996.09, together with legal interest thereon from May 6, 1985.
A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case. La.Code Civ. Pro.Ann. art. 1702. In this case plaintiff must prove that World undertook an obligation to perform certain tasks, that World breached that obligation and that the breach of contract resulted in damages to plaintiff. The standard of review for the appellate court is whether plaintiff offered sufficient evidence in support of the judgment rendered. Weaver v. Weaver 438 So.2d 1149 (La.App. 1st Cir., 1983).
At the confirmation hearing, Joint Venture established that a contractual relationship existed between it and World. Appellant's attack on the validity of the contract on the basis that Joint Venture failed to prove the signature is without merit. It is obvious by the conduct of the parties as well as other facts put into evidence that there was an obligation to perform on the part of World.
While this court find that there is sufficient evidence of the existence of an obligation, we find that the evidence presented does not sufficiently establish what specific obligations were undertaken by World.
The parties' written contract makes reference to Exhibit C as an attachment to the contract. Exhibit C outlines and refers to architectural plans and specifications which World was to follow during construction. These plans and specifications outline the principal part of the obligation undertaken by World yet these documents are not attached to the contract nor were they entered into evidence at the default confirmation. We find that the absence of the referenced plans and specifications are fatal to plaintiff's case.
The plans and specifications referred to in Article 7 of the contract and listed on Exhibit C form an integral part of the agreement at issue. Without the plans and specifications the agreement before the court signals only the intent of the parties to do work and to have work done. The plans and specifications are the blueprint of the obligation and form the basis of plaintiff's claim that World agreed to perform duties, then failed to perform. Without the plans and specifications, we are unable to determine what exactly World agreed to do. We cannot, therefore determine whether the contract was fulfilled.
Acknowledging that the plans and specifications were not before the trial court, plaintiff claims that there was still sufficient evidence presented to establish a prima facie case. The evidence to which *428 plaintiff refers is a report by expert construction consultants detailing World's failure to perform its obligations in a workmanlike manner, and a letter issued by plaintiff to World delineating the exact failure of World to adhere to the plans. We note that the report did outline alleged failures by World, but without examining the plans and specifications it would be impossible to determine the accuracy of the report and the damages reported therein. Again, the plans and specifications are inextricably intertwined with the contract and nothing less than the documents themselves can establish the necessary basis for the claim.
Assuming arguendo that Joint Venture did prove an obligation and subsequent breach, without the plans and specifications Joint Venture could not accurately prove damages. Joint Venture presented the court with an abundance of slides depicting the alleged construction faults. It is through these slides that the court was to determine that the workmanship on the project was faulty. Without plans and specifications, however, there is no way to establish what work should have been done, much less assess the quality of the workmanship. The documents are the departure point for establishing the damages. Joint Venture presents evidence of the work done by World, as well as the work done by a contractor hired to finish the project. Plaintiff has not established the scope of the initial contractual obligation.
Our finding that the plans and specifications form an essential element in establishing a breach of contract and the damages necessitates that we set aside the trial court's judgment rendered without benefit of the plans and specifications. The case is remanded for further proceeding consistent with this opinion. If defendant fails to answer, plaintiff may present additional evidence to confirm default. If defendant files an answer, the matter will presumably proceed to trial.
JUDGMENT SET ASIDE AND REMANDED.
BARRY, J., dissents with reasons.
BARRY, Judge, dissenting with reasons.
1436 Jackson Joint Venture presented evidence sufficient to establish a prima facie case. The plans and specifications are not requisite to prove breach of contract under these circumstances.
Since the amount awarded exceeded that prayed for, the judgment should be amended to $1,761,376.63 as prayed for.
As amended, the judgment should be affirmed.