532 So.2d 899 (1988)
Darryl J. CAVALIER
v.
David L. NELSON.
No. 88-CA-268.
Court of Appeal of Louisiana, Fifth Circuit.
October 12, 1988.
Rehearing Denied November 17, 1988.
A. Gerald Pelayo, New Orleans, for plaintiff-appellant.
James F. Quaid, Metairie, for defendant-appellee.
Before CHEHARDY, C.J., and KLIEBERT and GRISBAUM, JJ.
CHEHARDY, Chief Judge.
Darryl Cavalier appeals a judgment that annulled a default judgment he obtained against David L. Nelson in a suit for breach of a real estate purchase agreement. *900 In the original suit, filed on August 19, 1986, Cavalier alleged Nelson had breached the purchase agreement by failing to deposit the earnest money required under the contract. Cavalier sought to recover the agent's commission he would have received had the sale been confected.
After Nelson received personal service of Cavalier's suit, his attorney filed for and was granted an extension of time to answer. Although the extension expired on October 27, 1986, no answer was ever filed. Appearing in proper person, Cavalier entered a preliminary default on November 24, 1986. On December 17, 1986, he confirmed the default in open court, obtaining a $5,500 judgment against Nelson.
On February 9, 1987, Nelson filed a pleading entitled "Motion for New Trial and/or Action of Nullity," in which he alleged various procedural and substantive defects in the default proceeding. On April 1, 1987, the district court ruled in Nelson's favor, annulling the default judgment and granting the motion for new trial. Finding that Cavalier's failure to indicate on the motion for preliminary default whether Nelson had been served by personal or domiciliary service was fatal to the validity of the judgment, the court declined to address the other issues raised by Nelson.
Cavalier sought a new trial on the ground that LSA-C.C.P. art. 1702.1, cited by the court, applied only to default judgments in suits on open account. On January 13, 1988, the court rendered judgment, again annulling the default judgment. At Cavalier's request the court issued lengthy written reasons, ruling separately on each of Nelson's allegations regarding defects in the default proceedings.
The court reaffirmed its prior finding that Cavalier's failure to indicate type of service on the motion for preliminary default was a fatal defect. It also held there was insufficient evidence to support the default judgment because no transcript of the confirmation hearing could be obtained. However, it ruled Cavalier had committed no fraud or ill practice and found no merit to Nelson's allegations that some of the pleadings were defective in form.
As an additional defect in the default proceeding, the court pointed out that the record contained no proof that Nelson was not in military serviceCavalier had filed no affidavit of nonmilitary service and, as mentioned above, a transcript of the default hearing could not be obtained. Finally, the court found no merit to Nelson's argument that the default was defective, because it was taken more than three days after the motion for preliminary default was granted. The court stated this allegation was a misunderstanding by Nelson of the requirements of LSA-C.C.P. art. 1702(C).
Cavalier has appealed. Stated succinctly, the issue on appeal is whether the defects pointed out by the trial judge are sufficient ground to annul the judgment.
LSA-C.C.P. art. 2002(2) states a final judgment shall be annulled if it is rendered "[a]gainst a defendant * * * against whom a valid judgment by default has not been taken * * *." Accordingly, we must determine whether the errors alleged by Nelson, if proven, are sufficient to make the default judgment invalid and therefore to warrant annulment of it.
The first ground for annulment cited by the court was Cavalier's failure to indicate on the motion for preliminary default whether service was personal or domiciliary. The court relied on LSA-C.C.P. art. 1702.1 in finding this a defect.
LSA-C.C.P. art. 1702 provides that a demand based upon a conventional obligation may be confirmed upon affidavits and exhibits alone if these establish a prima facie case, leaving it to the court's discretion whether to require additional evidence in the form of oral testimony. Article 1702.1 requires that to confirm a default judgment without a hearing in open court, the plaintiff must include a certificate indicating, among other things, the type of service made on the defendant.
Article 1702.1 does not apply in this case, however. Although Cavalier could have used that method, because his demand is *901 based on a conventional obligation, he did not. Instead he confirmed the default judgment in the traditional way, by presenting testimony in open court. LSA-C.C.P. art. 1701 provides that judgment by default (commonly known as a "preliminary default") may be obtained by oral motion in open court or by written motion mailed to the court. This preliminary default consists merely of an entry in the minutes of the court and must be confirmed by "proof of the demand sufficient to establish a prima facie case." LSA-C.C. P. art. 1702. There are no other requirements for a motion for preliminary default. Accordingly, Cavalier's failure to indicate the type of service on the defendant had no effect on the validity of the default judgment.
The next basis on which the trial court annulled the judgment was lack of evidence. The court explained that the plaintiff was required to present a prima facie case, but could not prove he had done so because the transcript of the confirmation hearing was unavailable"Now no one can identify or locate the court reporter who took the confirmation, thus the transcript of Mr. Cavalier's testimony is lost."
The court erred in placing that burden upon Cavalier. In order to obtain a reversal of a default judgment, the defendant must overcome the presumption that the judgment has been rendered on the basis of sufficient evidence and is correct. City of St. Martinville v. Johnson, 465 So.2d 280 (La.App. 3 Cir.1985). The presumption that judicial proceedings are regular obtains unless the contrary appears in the record. See Baker Finance Co. v. Hines, 255 La. 971, 233 So.2d 902 (1970).
There is no requirement that the party confirming the default must have the testimony reduced to writing or that a note be made of the evidence introduced; when judgment has been rendered and no note of evidence has been made, it is incumbent on the party opposing the judgment to secure a narrative of the facts. Succession of Rock v. Allstate Life Ins. Co., 340 So.2d 1325 (La.1976). Here, the transcript was unavailable and no narrative of facts was provided.
"When the judgment recites, as it does here, that plaintiff has produced due proof in support of its demand and that the law and evidence favor plaintiff and are against defendant, the presumption exists that the judgment was rendered upon sufficient evidence and that it is correct." Rock, supra, at 1329. He who seeks to have a default judgment against him set aside must allege and prove that he had good reasons for his nonappearance and failure to timely plead. Id.
Because Nelson failed to carry his burden of proving there was insufficient evidence, the trial court erred in finding that absence of a transcript was a valid basis to annul the default judgment.
Finally, the court concluded that the lack of an affidavit of nonmilitary service was an additional basis "in favor of hearing the case on the merits." That ruling was error.
Section 520(1) of The Soldiers' and Sailors' Civil Relief Act of 1940, 50 U.S.C.A. App. §§ 501-591, requires that prior to entering a default judgment in any proceeding in any court, the plaintiff shall file in the court an affidavit setting forth facts showing that the defendant is not in military service. If such an affidavit is not filed, no judgment shall be entered without first securing an order of court directing such entry. If a judgment is entered without the affidavit, however, it is voidable only at the instance of a defendant who was in the military service at the time the judgment was rendered. 50 U.S.C.A. App. § 520(4); Hernandez v. King, 411 So.2d 758 (La.App. 4 Cir.1982).
The defendant here has neither alleged nor proved he is within the group of persons protected by the Soldiers' and Sailors' Civil Relief Act of 1940. Accordingly, the judgment cannot be annulled for lack of an affidavit of nonmilitary service.
For the foregoing reasons, therefore, the judgments of April 1, 1987, and January 13, 1988, annulling the default judgment of December 17, 1986, are vacated. The judgment *902 of December 17, 1986, is reinstated. Costs are assessed against the appellee, David L. Nelson.
JUDGMENTS OF APRIL 1, 1987, AND JANUARY 13, 1988, VACATED; JUDGMENT OF DECEMBER 17, 1986, REINSTATED.