700 So.2d 1090 (1997)
Paul F. FRIDGE
v.
David Paul SAMPOGNARO.
No. 97-CA-240.
Court of Appeal of Louisiana, Fifth Circuit.
September 30, 1997.
*1091 R.O. Lewis, Luling, for Defendant/Appellant David Paul Sampognaro.
Richard B. Levin, Richard B. Levin, APLC, New Orleans, for Plaintiff/Appellee Paul F. Fridge.
Before CANNELLA and DALEY, JJ., and BURNS, J. Pro Tem.
ROBERT J. BURNS, Judge Pro Tem.
This case concerns the validity of a default judgment confirmed by a 29th Judicial District Court judge. The default was confirmed after a hearing in open court wherein the plaintiff, Paul Fridge, testified and placed into evidence various documents.
The defendant, David Paul Sampognaro, contends that the proof presented at the default hearing was insufficient. We find that a prima facie case was presented by the plaintiff and, therefore, affirm the district court judgment.

FACTS
The plaintiff filed suit alleging that the defendant was in breach of contract for failing to pay the final amount due on a contract. Personal service was made on the defendant, but the defendant did not file a responsive pleading. The plaintiff moved for and was granted a preliminary judgment of default. Thereafter, following a hearing held in open court, the plaintiff confirmed the preliminary judgment of default.[1]

EVIDENCE PRESENTED AT THE HEARING TO CONFIRM THE DEFAULT JUDGMENT
The plaintiff testified that he and the defendant entered into a contract, which provided that the plaintiff would "erect and finish in a perfect workmanlike manner ... a house ... as per plans and description of materials." A copy of the contract was entered into evidence. The contract provided that the defendant was to make payments to the plaintiff "As Bank Directs." However, the plaintiff testified that the parties agreed that the defendant would pay the plaintiff for *1092 the work in five equal installments, the fifth installment due upon the completion of the house.
According to the plaintiff, he in fact completed the work on the house as per the contract and billed the defendant, mailing an invoice for the fifth and final installment. However, the defendant never paid the final installment. A copy of the fifth and final invoice was introduced into evidence. The plaintiff further testified that he sent, by certified mail, a demand letter requesting the balance due on the contract, but that the defendant never responded. A copy of both the demand letter and the return receipt were introduced into evidence.
The plaintiff testified that he had never been paid the final installment due on the contract. The plaintiff introduced the entire record into evidence, inclusive of the plaintiff's original petition, the return receipt showing personal service on the defendant and the entry of preliminary default.

PROOF REQUIRED PRIOR TO CONFIRMING A JUDGMENT OF DEFAULT
In his first assignment of error, the defendant complains that the plaintiff failed to establish a prima facie case for his demand prior to confirming his judgment of default for the following reasons: (1) the plaintiff failed to prove that payment was in fact due; (2) the plaintiff failed to show a "meeting of the minds" as to the price of the contract; (3) the plaintiff failed to prove that he had done the work for which he sought payment; and (4) the plaintiff failed to introduce the plans and specifications for the house.
LSA-C.C.P. art. 1702 provides in pertinent part:
A. A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case.

(Emphasis added).
A "prima facie case," sufficient to confirm a judgment of default, is established only when the plaintiff proves the essential allegations of his petition to the same extent as if the defendant had specifically denied each allegation. Blue Bonnet Creamery, Inc. v. Simon, 243 La. 683, 146 So.2d 162 (1962); State, Dept. of Social Services v. Matthews, 96-711, p. 6 (La.App. 5 Cir. 1/28/97), 688 So.2d 137, 140 (citing Collins v. Estrade, 93-977 (La.App. 5 Cir. 5/11/94), 638 So.2d 275). Furthermore, the determination of whether there is sufficient proof is a question of fact and should not be disturbed on appeal unless it is manifestly erroneous. Matthews, 96-711 at p. 7, 688 So.2d at 141 (citing Laprarie v. King, 575 So.2d 921 (La.App. 2 Cir.1991), writ denied, 578 So.2d 140 (La.1991)).

DID THE PLAINTIFF PROVE THAT PAYMENT WAS DUE?
The defendant first claims that the plaintiff failed to prove a prima facie case that payment was in fact due. Specifically, the defendant points to the plaintiff's failure to offer evidence demonstrating that the bank notified the defendant that payment was due.
In Professional Const. Services, Inc. v. Lee M. Marcello Contractor, Inc., 550 So.2d 968, 971-972 (La.App. 5 Cir.1989), writ denied, 556 So.2d 36 (La.1990), this Court explained as follows:
Written agreements can be orally modified subsequent to the execution of the written instrument. Maryland Casualty Company and Southern Equipment, Inc. v. Watson Marine Repair & Cleaning Service, Inc., 416 So.2d 194 (La.App. 1st Cir. 1982); writ denied 421 So.2d 249 (La. 1982); Williams Engineering, Inc. v. Goodyear, 480 So.2d 772 (La.App. 5th Cir. 1985); affirmed 496 So.2d 1012 (La.1986). Modification can be presumed by silence, inaction or implication. Bank of Louisiana in New Orleans v. Campbell, 329 So.2d 235 (La.App. 4th Cir.1976) writ den. 332 So.2d 866 (La.1976); Williams Engineering, Inc. v. Goodyear, supra. Specifically, written subcontracts can be orally modified to provide for progress payments. Lawson v. Donahue, 313 So.2d 263 (La. App. 4th Cir.1975).
(Emphasis added).
The original contract between the parties states that payment on the contract was to be made "As Bank Directs." However, in *1093 consideration of the parties' conduct, we find that the parties modified their original contract and agreed that the defendant would pay the plaintiff in five equal installments, the fifth installment due upon the completion of the house.

DID THE PLAINTIFF PROVE THAT THERE WAS A MEETING OF THE MINDS AS TO THE PRICE OF THE CONTRACT?
The defendant also contends that the plaintiff failed to establish a prima facie case that $2,262.52 was the amount due because the plaintiff failed to demonstrate that there was a "meeting of the minds" as to the contract price. The contract provided that the amount of "2.60 per square feet" was due. While we do not consider "2.60 per square feet" doubtful or ambiguous, LSA-Civ. Code art. 2053 provides as follows:
A doubtful provision must be interpreted in light of the nature of the contract, equity, usages, the conduct of the parties before and after the formation of the contract, and of other contracts of a like nature between the same parties. (Emphasis added).
The conduct of the parties establishes that there was a meeting of the minds as to the price of the contract and that five equal payments were to be made. At the hearing to confirm, the plaintiff testified that the parties had agreed that the defendant would pay the plaintiff in five equal installments, the final payment due upon the completion of the house. The plaintiff testified that he mailed the defendant an invoice for the final installment due, in the amount of $2,262.52. The plaintiff introduced a copy of the invoice, which bore the heading "Final (5th) Payment on House," into evidence.[2]See also D'Antonio v. Simone, 94-798 (La.App. 5 Cir. 3/15/95), 653 So.2d 678 (contracts may be modified or dissolved through mutual consent); Sims-Smith, Ltd. v. Stokes, 466 So.2d 480 (La.App. 5 Cir.1985) (when intent of the parties is doubtful, the construction put upon it, by the manner in which it has been executed by both, or by one with the express or implied assent of the other, furnishes a rule for its interpretation).

DID THE PLAINTIFF PROVE THAT HE HAD COMPLETED THE WORK AS PER THE CONTRACT?
The defendant further claims that the plaintiff did not establish a prima facie case that he in fact completed the work for which he sought payment. However, at the hearing to confirm, the plaintiff testified that he had performed the work specified in the contract. Therefore, the plaintiff's testimony established a prima facie case that he had performed the work for which he sought payment.[3]

CONCLUSION
The record before us demonstrates that the plaintiff proved a prima facie case that the defendant breached the contract between the parties by his failure to pay the fifth and final installment. Therefore, we conclude that the trial court appropriately confirmed the preliminary judgment of default.
AFFIRMED.
NOTES
[1] In his second assignment of error, the defendant claims that the plaintiff failed to meet the requirements of LSA-C.C.P. art. 1702.1. However, LSA-C.C.P. art. 1702.1 does not apply to the facts of this case because the plaintiff confirmed the default judgment by presenting testimony in open court. See Cavalier v. Nelson, 532 So.2d 899 (La.App. 5 Cir.), writ denied, 532 So.2d 899 (1988).
[2] It is also notable that the plaintiff has only sued the defendant for the fifth and final installment due on the house, therefore, the defendant has presumably paid the plaintiff the previous four installments.
[3] Defendant cites 1436 Jackson Joint Venture v. World Construction Company, Inc., 499 So.2d 426 (La.App. 4 Cir.1986), for the proposition that plaintiff's failure to introduce the plans and specifications referred to in the contract is fatal to plaintiff's case. Jackson holds in part that where the basis of a claim is breach of contract for the failure to perform as per plans and specifications that are part of a building contract, such plans and specifications form an essential element in establishing a breach of contract, as it is impossible to determine whether the work was performed as per the plans and specifications. Id. However, in the present case, plaintiff did not claim that defendant did not perform as per the plans and specifications referred to in the contract. Rather, plaintiff claimed that he in fact performed the work in accordance with the contract and that defendant has failed to pay him the final installment owed on such contract.