778 So.2d 1278 (2001)
Thomas E. SCHAFF
v.
CARDINAL SERVICES, INC.
No. 00-CA-1164.
Court of Appeal of Louisiana, Fifth Circuit.
February 14, 2001.
Rehearing Denied March 12, 2001.
*1279 Leonard L. Levenson, Weigand & Levenson, Elton F. Duncan, III, Kelley A. Sevin, New Orleans, LA, Counsel for Defendant-Appellant.
Court composed of Judges SOL GOTHARD, CLARENCE E. McMANUS and H. CHARLES GAUDIN, Pro Tempore.
McMANUS, Judge.
In this matter, Appellant Cardinal Services, Inc., seeks to have vacated a default judgment entered against them and in favor of Appellee, Thomas E. Schaff, and, in addition, to have reversed the trial judge's refusal to vacate the judgment and grant a new trial. For the reasons that follow, we affirm the default judgment and the trial judge's refusal to grant a new trial.

STATEMENT OF THE CASE WITH FACTS
This matter originated on September 1, 1999, when Schaff filed a suit for damages against Cardinal Services, Inc., alleging that Cardinal failed to liquidate his expense account when he was terminated from their employ in October of 1998.[1]
*1280 Cardinal filed no responsive pleadings, and on October 4, 1999, the trial judge signed Schaff's motion for preliminary default.
On December 16, Schaff confirmed the default at a hearing in which he produced the following evidence.
Schaff testified that he had been let go from Cardinal in October of 1998, and that he had, at that time, turned in expense sheets covering the period of January through October of that year. In addition, he testified that the expenses had been approved by his supervisor. Schaff testified that though he had made demand for these expensestotaling $14,726.71-he had never been reimbursed. Finally, Schaff testified that he had responded to Cardinal's requests that he further explain or document some of the expenses.
Indeed, the record does contain a typewritten letter from Schaff to "Andrew," in which Schaff addresses specific inquiries regarding his claims. In addition, the record contains monthly expense sheets for the period in question, many of which are stapled to bills or receipts.
Schaff testified that he had not heard anything further from Cardinal once he had supplied the requested addenda to his expense forms.
At the conclusion of the hearing, the trial judge granted judgment as prayed and the sum of $3,500.00 in attorney's fees. A written judgment was signed the same date.
On December 21, 1999, Cardinal filed a Motion for a New Trial. The motion pleaded as grounds Schaff's failure to follow procedures outlined in Code of Civil Procedure articles 1701 through 1704 (governing default judgments) and his failure to establish a prima facie case to prove his claim. The motion did not offer any explanation of or attempted justification for Cardinal's failure to timely answer the suit.
A hearing on Cardinal's motion was held March 13, 2000; the motion was denied on March 27. Cardinal did not offer any testimony at the hearing regarding their failure to have answered Schaff's suit.
Finally, we note that at the conclusion of the hearing on Cardinal's motion for new trial, the trial judge encouraged the parties to attempt to settle the suit, and, according to assertions made in Cardinal's brief in these proceedings, they have tendered the sum of $4,652.46 in satisfaction of the debt.
Cardinal's motion for a suspensive appeal was filed on April 25, 2000, and Cardinal now raises the following assignments of error:
1. The trial court was manifestly erroneous in granting a confirmation of default;
2. The trial court was manifestly erroneous in denying a Motion for New Trial.

ASSIGNMENT OF ERROR NUMBER 1
As their first assignment of error Cardinal argues that the trial judge was in error to have confirmed Schaff's motion for default.
Cardinal first argues that Schaff did not prove a prima facie case in support of his claim "due to the factual dispute as to whether plaintiff submitted legitimate receipts and sufficient documentation for the reimbursement of expenses."
A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case. LSA-C.C.P. art. 1702A. For a plaintiff to obtain a default judgment, he must establish the elements of a prima facie case with competent evidence, as fully as though each of the allegations in the petition were denied by the defendant. In other words, the plaintiff must present competent evidence that convinces the court that it is probable that he would prevail on a trial on the merits. Thibodeaux v. Burton, 538 So.2d 1001, 1004 (La.1989) (citations omitted); *1281 Arias v. State Farm Mut. Auto. Ins. Co., 98-978, at 3 (La.App. 5 Cir. 3/10/99), 734 So.2d 730, 731. Further, the determination of whether there is sufficient proof is a question of fact and should not be disturbed on appeal unless it is manifestly erroneous. Fridge v. Sampognaro, 97-240, at 3 (La.App. 5 Cir. 9/30/97), 700 So.2d 1090, 1092; State, Dept. of Social Services v. Matthews, 96-711, at 7 (La.App. 5 Cir. 1/28/97), 688 So.2d 137, 141.
In support of his claim, Schaff offered an expense sheet for each month for which he claimed he had not been reimbursed. He stated that he had promptly responded to Cardinal's questions about some of the items included in the claim, and more importantly, testified that he had not received anything from Cardinal after this disqualifying or even further questioning his claim as submitted.
The trial judge found this evidence sufficient. We see no abuse of discretion.
Cardinal next argues that the default judgment is infirm because the trial court did not comply with procedures established in LSA-C.C.P. art. 1702(C). This provision provides that:
C. In those proceeding in which the sum due is on an open account or a promissory note, other negotiable instrument, or other conventional obligation, or a deficiency judgment derived therefrom, including those proceedings in which one or more mortgages, pledges, or other security for said open account, promissory note, negotiable instrument, conventional obligation, or deficiency judgment derived therefrom is sought to be enforced, maintained, or recognized, or in which the amount is that authorized by R.S. 9:2782 for a check dishonored for nonsufficient funds, a hearing in open court shall not be required unless the judge, in his discretion, directs that such a hearing be held. The plaintiff shall submit to the court the proof required by law and the original and not less than one copy of the proposed final judgment. The judge shall, within seventy-two hours of receipt of such submission from the clerk of court, sign the judgment or direct that a hearing be held. The clerk of court shall certify that no answer or other pleading has been filed by the defendant. The minute clerk shall make an entry showing the dates of receipt of proof, review of the record and rendition of the judgment. A certified copy of the signed judgment shall be sent to the plaintiff by the clerk of court.
The italicized portions of the article above are the provisions that Cardinal suggests the trial court disregarded. However, a careful reading of the article makes it clear that these provisions are only applicable when a default is confirmed without a hearing. Schaff confirmed his default "in the traditional way, by presenting testimony in open court." Cavalier v. Nelson, 532 So.2d 899, 900 (La.App. 5 Cir.1988). Accordingly, the lack of the certifications or other formalities which Cardinal argues were necessary has "no effect on the validity of the default judgment." Cavalier, 532 So.2d at 901.[2]
Cardinal has not shown that the default judgment is deficient or defective; we see no reason to disturb the judgment as granted.

ASSIGNMENT OF ERROR NUMBER 2
As his second assignment of error, Cardinal argues that the trial judge was in error for having not granted their motion *1282 for a new trial. LSA-C.C.P. art. 1971 and articles following.
It is well settled that he who seeks to have a default judgment against him set aside must allege and prove that he had good reasons for his nonappearance and for his failure to appear and timely plead. In other words, he must allege and prove facts which would excuse his failure to plead any defense that he might have had. When the trial judge has refused the defendant a new trial in a default judgment case, the appellate court should not disturb that ruling, regardless of the fact that the defendant may urge in his motion for a new trial that he has a meritorious defense to the merits unless the defendant has shown to the trial judge a good excuse for his failure to appear to defend the suit... The granting or refusal of a motion for a new trial, when the ground is not one of those contained in Article 560 of the Code of Practice [present LSA C.C.P. art. 1972peremptory grounds], is within the discretion of the trial judge, and his action in granting or refusing the new trial will not be disturbed by [a] court on appeal unless it clearly appears that he has abused his discretion. De Frances v. Gauthier, 220 La. 145, 55 So.2d 896 (1951) (emphasis supplied, citations omitted). See also Meshell v. Russell, 589 So.2d 86, 89 (La.App. 2 Cir.1991).
As we noted, Cardinal did not plead any excuse, good or otherwise, in their motion for new trial. Nor did they present any evidence at the hearing on the motion. We see no abuse of discretion here; we see no reason to disturb this ruling.
Therefore, for the reasons discussed above, all judgments of the court below are hereby affirmed.
Further, to prevent possible confusion and potential additional proceedings herein, we remind the parties that if Schaff has accepted any partial payment of the debt, such amount must be deducted from the judgment amount and may not be included in any figure used to calculate interest due.
AFFIRMED.
NOTES
[1] Procedures regulating payment of terminated employees' wages are outlined in LSA-R.S. 23:631 and following articles. LSA-R.S. 23:632 allows the recovery of attorney's fees in some situations.
[2] We note that Cardinal does not assert that they were not actually served. If they had not been served, the trial judge would have had no choice but to vacate an absolutely null judgment. Barnett Marine, Inc. v. Van Den Adel, 96-1029, at 6-7 (La.App. 5 Cir. 4/9/97), 694 So.2d 453, 456.