SOL GOTHARD, Judge.
Defendant, Jeffrey Wilson, appeals from a judgment confirming a preliminary default in favor of plaintiff, and awarding damages of $3,642.99 plus legal interest and costs. For the reasons that follow, we annul and set aside the judgment of the trial court confirming the preliminary default, and we remand this matter for further proceedings.
On April 1, 2003, plaintiff, Sheriff Greg Champagne, filed a petition for damages for breach of contract against Jeffrey Wilson. In his petition, plaintiff alleged that Wilson had entered into an employment contract, in which he agreed to maintain employment for two years, that Wilson resigned from employment before the two year period, and as a result he owed for the cost of his P.O.S.T. certification which had been paid by Sheriff Champagne, pursuant to the employment contract. The petition further alleges that Wilson owed one payment for a handgun he purchased through the Sheriffs Office. Finally, the petition requested attorney’s fees of twenty-five (25%) percent.
On July 7, 2003, plaintiff took a preliminary default against Mr. Wilson. A confirmation hearing was conducted on July 16, 2003. Entered into evidence at the hearing were the Affidavit of Correctness of Account and Non-Military Status. | ¡¡Also in the record is the Sheriffs offer of employment, via letter, containing defendant’s signed acceptance, and defendant’s letter of resignation. In addition, the record contains the Sheriffs letter of amicable de *802 mand, in which plaintiff alleges that defendant agreed to reimbursement of training if he left employment within two years in the application he filled out for employment, and the invoice for fees owed. The transcript of the hearing reflects that the return of personal service on defendant was introduced, although the return does not appear in this record on appeal. Thereafter the trial court rendered judgment confirming the default against Wilson.
In his appeal, Wilson argues that the trial court erred in entering a default based on hearsay testimony about service of the petition. He further argues that the trial court erred in awarding the cost of the P.O.S.T. training when the employment contract was silent on that issue. Finally, he argues that the evidence to prove the amount of $8,642.99 was not proper evidence.
 A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case. La. C.C.P. art. 1702 A. For a plaintiff to obtain a default judgment, he must establish the elements of a prima facie case with competent evidence, as fully as though the defendants denied each of the allegations in the petition. The plaintiff must present competent evidence that convinces the court that it is probable that he would prevail on a trial on the merits. Schaff v. Cardinal Services, Inc., 00-1164 (La.App. 5 Cir. 2/14/01), 778 So.2d 1278, 1280; writ denied 2001-1035 (La.6/1/01) 793 So.2d 196, citing Thibodeaux v. Burton, 538 So.2d 1001, 1004 (La.1989).
When a demand is based upon a conventional obligation, affidavits and exhibits annexed thereto which contain facts sufficient to establish a prima facie case shall be admissible, self-authenticating, and sufficient proof of such demand. J^The court may, under the circumstances of the case, require additional evidence in the form of oral testimony before entering judgment. La. C.C.P. art. 1702(B)(1).
The determination of whether there is sufficient proof is a question of fact and should not be disturbed on appeal unless it is manifestly erroneous. Schaff, supra.
We find merit to defendant’s contention that the trial court erred “when it entered the default judgment for the cost of P.O.S.T. training based on an employment contract that was silent on the issue.”
When an obligation is based on a writing, prima facie proof of the obligation requires introduction of the writing. A jurisprudential exception to this rule exists when a plaintiff requests admissions of contractual coverage with the defendant or production of the policy, and the defendant fails to comply. Burks v. Cambeck & Partners, 01-948 (La.App. 5 Cir. 12/26/01), 803 So.2d 438; Sudds v. Protective Cas. Ins. Co., 554 So.2d 149 (La.App. 2 Cir.1989).
The letter of amicable demand states that “In the application that you filled out with this agency, you agreed to reimburse the ... Sheriffs Department the cost of your POST training if you leave within two years.” However, the record does not contain the application filled out by Mr. Wilson, nor does that transcript of the hearing reflect that the application, or any employment contract, was introduced into evidence at the default hearing. The demand letter is insufficient to prove the terms of the contract between the plaintiff and Wilson.
Wilson alleges that proof of service was not present in the record when the record was lodged, and that counsel’s statement during the default hearing that “We offer, file, and introduce the entire file in this particular instance ... the personal service of the petition on 4-2-03 of this partic *803 ular year on the defendant” is hearsay and insufficient to support a default judgment. Wilson also alleges that the plaintiff failed to provide proper evidence to prove the amount of the debt at | Rthe default hearing. Wilson contends that this suit is not one for open account so as to allow plaintiff to use an invoice and affidavit of the amount owed to support the indebtedness. Because we find that the default judgment must be annulled, we need not reach these issues.
For the above discussed reasons, we find that plaintiff failed to provide sufficient evidence to support a default judgment pursuant to La. C.C.P. art. 1702. Accordingly, the judgment of the trial court granting plaintiffs confirmation of a default judgment against Jeffrey Wilson is annulled and set aside and the matter is remanded to the district court for further proceedings. All costs are assessed against plaintiffiappellee.
JUDGMENT OF DEFAULT ANNULLED AND SET ASIDE; REMANDED.