MARION F. EDWARDS, Judge.
| zDefendants/appellants, Greater Lakeside Corporation, Causeway LLC of Delaware and Chubb Insurance Company, appeal from the confirmation of a default judgment taken against them in favor of plaintiff/appellee, Luvy Trejos. Plaintiff/appellee further appeals the trial court’s award of general damages as abusively low. For the reasons the follow, the judgment of default is reversed.
On August 6, 2004, Luvy Trejos (“Tre-jos”) was shopping on the premises of Lakeside Shopping Center in Jefferson Parish. On that date, Trejos alleges that she slipped in a puddle of water while walking through the mall’s Food Court, sustaining injuries to her knee as a result. Trejos filed suit against Greater Lakeside Corporation, Causeway LLC of Delaware and their insurer, Chubb Insurance Company (“defendants”) on January 24, 2005.
After taking a preliminary default against defendants on March 1, 2005, the trial court confirmed Trejos’ default judgment against defendants on March 10, | s2005, awarding $30,000 in general damages, $2,088 in past medicals, and $45,411 in future medicals. Defendants timely filed the current suspensive appeal, and, in her answer, Trejos appeals the trial court’s award of general damages.
On appeal, defendants raise four assignments of error: 1) The trial court erred in failing to apply the proper legal standard to plaintiffs case; 2) The trial court erred in entering judgment where plaintiff failed to establish a prima facie case of defendant’s negligence; 3) The trial court erred in entering judgment where plaintiff failed to establish a prima facie case that defendants owned or controlled the subject property on the day of the alleged accident; and 4) The trial court erred in entering a judgment against Chubb because Chubb’s policy of insurance was not entered into evidence at the hearing confirming the default. Trejos asserts on appeal that the award of general damages by the trial court was abusively low.
LSA-C.C.P. art. 1702 provides, in relevant part, that a judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case. As noted by this Court in Schaff v. Cardinal Serv., Inc.:[1]
For a plaintiff to obtain a default judgment, he must establish the elements of a prima facie case with competent evidence, as fully as though each of the allegations in the petition were denied by the defendant. In other words, the plaintiff must present competent evidence that convinces the court that it is probable that he would prevail on a trial on the merits. Thibodeaux v. Burton, 538 So.2d 1001, 1004 (La.1989) (citations omitted); Arias v. State Farm Mut. Auto. Ins. Co., 98-978, at 3 (La.App. 5 Cir. 3/10/99), 734 So.2d 730, 731. Further, the determination of whether there is sufficient proof is a question of fact and should not be disturbed on appeal unless it is manifestly erroneous. Fridge v. Sampognaro, 97-240, at 3 (La. App. 5 Cir. 9/30/97), 700 So.2d 1090, 1092; State, Dept. of Social Services v. Matthews, 96-711, at 7 (La.App. 5 Cir. 1/28/97), 688 So.2d 137, 141.[2]
14In the present case, defendants first assert that the trial court erred in not requiring Trejos to prove every element of her case as outlined by LSA-R.S. 9:2800.6, which, in pertinent part, reads:
*1039 A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passage-ways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
B. In a negligence claim brought against a merchant by a person lawfully on the merchant’s premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant’s premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, pri- or to the occurrence.
(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.
C. Definitions:
(1) “Constructive notice” means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.
Specifically, defendants argue that the trial court failed to require Trejos to prove that they had actual or constructive notice of the condition which caused her alleged injuries.
At the hearing on the default confirmation, Trejos testified regarding the condition of the mail’s Food Court on the day she fell.
| .COUNSEL:
Ms. Trejos, when you fell you did see that there was water on the floor after you had fallen, correct?
TREJOS:
Yes, I saw it and the people who were eating saw it, they took photographs.
COUNSEL:
You also mentioned that there was [sic] some employees of the Lakeside Shopping Center nearby cleaning the trays, is that correct?
TREJOS:
Yes, they were standing, like, they were standing there and I fell here (indicating).
COUNSEL:
So, they were about five feet away from you?
TREJOS:
Yes.
COUNSEL:
And how did you know that they were employees of Lakeside Shopping Center?
TREJOS:
They dress in black and white and I used to go all the time to the mall to walk around and shop. And I know the employees by face who clean the trays and tables.
Trejos asserts that the above testimony was sufficient to establish that defendants either knew or should have known about the alleged hazardous condition on their premises. After a review of the record, we disagree.
*1040 | (;In the case of Blount v. East Jefferson General Hosp.,[3] we addressed a related issue of whether a premises owner had actual or constructive notice of a spill that allegedly caused a slip and fall on a cafeteria floor. In affirming the trial court’s ruling that granted summary judgment in favor of the defendant, we noted:
Plaintiff relies on the testimony of Clara Parnell that she saw a substance on the floor near the cashier’s station after plaintiffs fall. However, a review of Ms. Parnell’s testimony fails to indicate that the substance had been present for a period of time during which the hospital employees should have learned of its presence with reasonable diligence. In fact, Ms. Parnell admitted that she had no information as to how long the liquid was on the floor before plaintiffs fall, and she had no information that anyone from the hospital was aware of the liquid on the floor. Further, although Ms. Parnell stated that the substance was located near the cashier’s station, the witness failed to produce factual support that the cashier was in a position to see the substance on the floor prior to plaintiffs fall....
Similarly, in the present case, Trejos implies that the proximity of her fall to Food Court employees was sufficient to prove that defendants had notice of the substance on the floor. As in Blount, however, the record before us is devoid of evidence that would support Trejos’ allegation. Specifically, we find that it was not shown at the default confirmation hearing that the defendants’ employees were aware of the liquid on the floor or if they were even in a position to observe the liquid on the floor prior to Trejos’ fall. As previously stated, LSA-R.S. 9:2800.6(C)(1) provides that the presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice.
^Accordingly, for the foregoing reasons, we reverse the judgment of the trial court confirming the default judgment in favor of appellee, and pretermit discussion on all remaining assignments of error.

REVERSED.

. 00-1164 (La.App. 5 Cir. 2/14/01), 778 So.2d 1278, writ denied, 2001-1035 (La.6/1/01), 793 So.2d 196.

. Shaff, supra, at 1280-81.

. 04-407 (La.App. 5 Cir. 10/12/04), 887 So.2d 535.