DRS. JAMES AND AMY MAUTNER

VERSUS

JOHN STONE WARE, IV AND JULIA
MCCLENDON WARE; KEYPOINT HOME
INSPECTIONS, L.L.C. AND PETER
BARILARO; AND ALL PEST
EXTERMINATORS, INC. AND DEAN L.
SAGER

NO. 19-CA-611

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA


ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 783-290, DIVISION "G"
HONORABLE E. ADRIAN ADAMS, JUDGE PRESIDING


May 27, 2020


**HANS J. LILJEBERG**
**JUDGE**


Panel composed of Judges Robert A. Chaisson,
Stephen J. Windhorst, and Hans J. Liljeberg


**JUDGMENT VACATED AND**
**SET ASIDE; REMANDED**
    **HJL**
    **RAC**
    **SJW**

COUNSEL FOR PLAINTIFF/APPELLEE,
DRS. JAMES AND AMY MAUTNER
Galen M. Hair
Kristin M. Lausten
Joseph F. Lahatte, III

COUNSEL FOR DEFENDANT/APPELLANT,
ALL PEST EXTERMINATORS, INC.
Dennis J. Phayer

**LILJEBERG, J.**

Appellant, All Pest Exterminators, Inc., appeals a final default judgment entered against it and in favor of plaintiffs, Dr. James Mautner and Amy Mautner. After their home suffered extensive termite damage, plaintiffs filed a petition for damages against All Pest asserting claims for breach of contract and warranty. All Pest failed to respond to the petition and the trial court entered a preliminary default. Following a confirmation hearing, plaintiffs obtained a final default judgment against All Pest for property and general damages in the total amount of $155,772.36, plus legal interest and costs. We vacate and set aside the final default judgment entered against All Pest due to the insufficiency of the evidence presented by plaintiffs at the confirmation hearing, particularly plaintiffs' failure to introduce the written contract establishing the obligations existing between the parties.

## FACTUAL AND PROCEDURAL BACKGROUND

*Allegations in Plaintiffs' Petition*

On April 30, 2018, plaintiffs filed a petition to recover damages they incurred after discovering extensive termite damage in their home located at 273 Hollywood Drive in Metairie, Louisiana. In addition to All Pest, plaintiffs named several other parties as defendants in the petition, including Dean Sager, the All Pest employee who allegedly inspected and treated their home for termites; John and Julia Ware, the individuals who sold the home at issue to plaintiffs; Keypoint Home Inspections, LLC, the company that performed the home inspection prior to plaintiffs' purchase of the home; and Peter Barilaro, the Keypoint employee who allegedly performed the home inspection.

In their petition, plaintiffs alleged that prior to purchasing the home, they hired Keypoint to conduct a home inspection. They contend that active termite infestation was found near the front window, back patio awning and back left

HVAC unit. They allege that the home inspector noticed a crack in the brick above the awning and opined that the crack was caused by settling. Based on the home inspector's recommendation, the crack was repaired and sealed. After termite treatment and repairs were completed, plaintiffs allege that Keypoint re-inspected the home and determined it was in satisfactory condition.

Plaintiffs then allege that active termite infestation was detected again at an unspecified time and area of the home. They allege that All Pest's employee, Dean Sager, treated the area, but did not perform a complete inspection for evidence of other infestation. The petition then asserts that further infestation was located again at an unspecified time in the rear patio awning area, and plaintiffs allege that Mr. Sager returned and sprayed in that area and did not inspect for any further termite infestation.

Plaintiffs allege that as time progressed, cracks began to form in the brick walls. They hired an engineer who determined that termites destroyed support beams, thus causing the bricks to settle and crack. In May 2017, they located more active termite infestation in the rear patio awning, the window frame and sheetrock inside the kitchen. Termites were also located upstairs in a bedroom located in that same corner of the home, leading to the discovery that termites consumed the entire wall of the home in the area of the rear patio awning. As construction repairs continued, plaintiffs explain that termite infestation was located throughout the entire kitchen, upstairs guest bedroom and in the dining room to the front window.

Plaintiffs further allege that the exterior brick walls of the home were defective and held moisture because the weep holes were closed with brick mortar. In September 2017, Gurtler Brothers Consulting, Inc. performed an engineering inspection and determined a significant construction defect due to the lack of air space between the brickwork and house wrap. According to plaintiffs' petition, the

lack of the gap and proper weep holes resulted in improper moisture control in the exterior walls, thus leading to termite infestation and mold growth.

In December 2017, plaintiffs allege that they located termite mounds and determined termites were also in the carport. They contend that All Pest failed to drill termite treatment holes in this area. In early 2018, plaintiffs allege that they located termites in the left corner of the home where active termites were previously located in 2014. Gurtler Brothers inspected the home again in April 2018 and found chronic moisture problems with the outside walls caused by the lack of ventilation described above.

In their petition, plaintiffs contend that the Wares failed to accurately disclose the damages and termite infestation to the home known to them or that should have been known. They allege Keypoint breached its contract and warranty in not properly inspecting and discovering the damage and defects in the home. Finally, they contend All Pest breached its contract and warranty by failing to properly inspect, discover and treat the termite infestation in their home.

*Default Judgment*

After All Pest failed to respond to the petition, plaintiffs filed a motion for preliminary default alleging that on May 3, 2018, they served All Pest through its registered agent for service of process, Dean Sager. On July 23, 2019, the clerk of court certified that All Pest had not filed an answer to plaintiffs' petition and the trial court entered an order of preliminary default on the same day.

On August 21, 2019, the trial court held a hearing to confirm the default judgment. The first witness called to the stand was Dr. James Mautner. Dr. Mautner first identified the act of sale he and his wife executed to purchase the home at issue. He testified that he initially hired All Pest to treat for termites at the time they purchased the home and further testified that he maintained a termite contract with All Pest. Dr. Mautner stated that All Pest was responsible for annual

inspections and for eradicating termites from their home. Plaintiffs did not introduce a copy of their termite contract with All Pest into the record.

Plaintiffs' counsel then asked Dr. Mautner if termites were ever present in their home after they hired All Pest. Dr. Mautner testified that he saw termites a total of three times after they hired All Pest and that termites impacted a significant amount of the house. He explained that with respect to the first discovery, the termite damage was detected by someone pressure washing the house. The only further explanation Dr. Mautner provided regarding this discovery was that All Pest treated the area. Dr. Mautner then testified that the second time they discovered termites was in May 2016 in the rear corner of the house behind the kitchen. Dr. Mautner stated that All Pest "treated that and he never came back." Finally, the third discovery occurred in 2017. Dr. Mautner testified that the termites were coming through the walls in the kitchen and multiple locations in the house.

With respect to All Pest, Dr. Mautner testified that he believes it failed to properly do its job. He further testified that each time All Pest came to treat the home, he was told the termite problem was "cured," but claimed this was not true. He explained that the discovery of the extensive termite damage made him feel frustrated, lose sleep at night and distracted him from his business as a physician. He claimed the situation caused stress on his family, but more for his wife, Amy, than for himself.

Amy Mautner confirmed the accuracy of her husband's testimony. She further testified that the termite infestation affected her family financially, caused her to lose sleep and impacted her husband's job. She also stated that it was difficult living in a house under construction for two years with a young child.

The final witness at the hearing was Michael Gurtler of Gurtler Brothers Consulting, Inc., who the court recognized as an expert in home inspection and

general contracting. Mr. Gurtler explained that he inspected the home two times to observe the termite damage and opine as to where the damage could be. During his first inspection of the home, he observed termite damage on the right side of the house in the living room area where the contractor had removed interior walls. He also requested the removal of some of the exterior brick from the home. He explained that termite damage existed in the right front and right rear of the house by the overhang. He stated that the brick walls were cracking and the main structural beam was crushing due to termite damage in the rear of the home. He stated "there would be termite damages everywhere between those two points and in other parts of the house."

Mr. Gurtler also identified the report and estimates he prepared following his observations. He explained that based on the calculations contained in the report, the estimated amount necessary to repair the home's termite damage and to look for additional damage was $105,772.36. He testified that the extensive damage occurred because termites remained in the property for an extended period of time. Plaintiffs' counsel asked Mr. Gurtler if he "heard Dr. Mautner's testimony that they came out a few times and each time told him the termite infestation had been fixed." Mr. Gurtler agreed that based on his inspections, it did not appear the termite infestation "had been fixed."

Following the confirmation hearing, the trial court entered a judgment on August 21, 2019, in favor of plaintiffs and against All Pest in the amount of $105,772.36, together with legal interest and costs, for the property damages. The trial court also ordered All Pest to pay $50,000.00 in general damages to the plaintiffs.

On August 30, 2019, All Pest filed a timely motion for new trial alleging that the default judgment was based on insufficient evidence and that plaintiffs failed to establish a *prima facie* case supporting the finding of liability and

damages against All Pest.  All Pest also filed an exception of no cause of action based on the mandatory arbitration clause contained in the contract entered into between the parties.  Following a hearing on October 21, 2019, the trial court entered a judgment denying All Pest's motion for new trial and exception of no cause of action.

On November 18, 2019, All Pest filed a motion for suspensive appeal and appeal bond.  The trial court entered an order granting the suspensive appeal on November 19, 2019.

## DISCUSSION

On appeal, All Pest argues that the trial court erred by entering a final default judgment against it because plaintiffs failed to make a *prima facie* showing that All Pest was liable to them on a breach of contract cause of action.  All Pest specifically contends that plaintiffs failed to introduce their contract with All Pest into evidence, offered no evidence of the scope of services All Pest was obligated to perform, offered no evidence to prove a breach of the contract and no evidence to prove that an alleged contractual breach resulted in damages.  All Pest also asserted that the general damages award was "legally insupportable and excessive."

Appellate review of a default judgment is restricted to determining whether the record contains sufficient evidence to prove a *prima facie* case.  *U.S. Bank Nat'l Ass'n v. Custer*, 09-802 (La. App. 5 Cir. 2/9/10), 33 So.3d 303, 305.  This determination is a factual one governed by the manifest error standard of review.  *Bank of America, N.A. v. Alexander*, 19-290 (La. App. 5 Cir. 1/29/20), 289 So.3d 1200, 1203.

La. C.C.P. art. 1702(A) provides that a "preliminary default must be confirmed by proof of the demand that is sufficient to establish a prima facie case and that is admitted on the record prior to the entry of a final default judgment."

To obtain a default judgment, a party must establish the elements of a *prima facie* case with competent evidence, as though each of the allegations in the petition were denied by the defendant; that is, a party must present competent evidence that convinces the court that it is probable that he would prevail in a trial on the merits. *Custer*, 33 So.3d at 305.[1]

A default judgment cannot be different in kind from what is demanded in the petition and the amount of damages awarded must be proven to be properly due as a remedy. La. C.C.P. art. 1703. Therefore, a plaintiff is confined to the facts and theories pled in the petition. *Payphone Connection Plus, Inc. v. Wagners Chef, LLC*, 19-181 (La. App. 4 Cir. 7/31/19), 276 So.3d 589, 596.

In their petition, plaintiffs allege that All Pest breached its contract with them.[2] The elements of a breach of contract claim are the existence of a contract, the party's breach of the contract and resulting damages. *Id* at 595. As noted above, All Pest argues that the final default judgment must be vacated because plaintiffs failed to introduce a copy of the written termite contract entered into between the parties. When the plaintiff's legal action arises from a written obligation, *prima facie* proof of the obligation is the writing itself and introduction of the writing into the record is generally required. *Champagne v. Manuel*, 03-1147 (La. App. 5 Cir. 12/30/03), 864 So.2d 797, 799-800 (finding that plaintiff failed to provide sufficient evidence of employment agreement forming the basis

---

[1] In their brief, plaintiffs argue that in order for All Pest to overturn the default judgment, it must allege and prove "a good reason for failing to answer." However, La. C.C.P. art. 1702 does not require such a showing from a defendant if a plaintiff fails to comply with the requirement of establishing a *prima facie* case.

[2] In their appellate brief, plaintiffs characterize their claims against All Pest as negligence claims. However, plaintiffs did not assert a negligence claim against any of the defendants and did not even use any form of the word "negligence" in their petition. As noted above, a plaintiff is confined to the theories pled in the petition when seeking to obtain a final default judgment. Plaintiffs also assert that All Pest did not raise their failure to introduce the termite contract in its motion for new trial. However, plaintiffs fail to cite to any jurisprudence or law that requires a defendant to raise all of its arguments in motion for new trial prior to appealing a final default judgment. We are not aware of any such authority.

for his claim); *Champagne v. Wilson*, 03-1148 (La. App. 5 Cir. 12/30/03), 864 So.2d 800, 802.[3]

In *Ascension Builders, Inc. v. Jumonville*, 263 So.2d 875, 878-89 (La. 1972), the Louisiana Supreme Court explained that "a plaintiff who knows of a writing which is the principal basis for his claims must produce it when it is the best evidence of the facts at issue." *See also Mossy Motors, Inc. v. Cameras America*, 02-1536 (La. App. 4 Cir. 6/25/03), 851 So.2d 336, 340-41 (finding that in a dispute arising from a lease agreement the trial court erred in confirming a default judgment "in the absence of the written contract, or sufficient evidence to overcome the preponderating inference of a written contract"); *Camel v. Harmon*, 04-1437 (La. App. 3 Cir. 3/2/05), 896 So.2d 1253, 1257, *writ denied*, 05-838 (La. 5/13/05), 902 So.2d 1026 (finding the trial court erroneously entered a default judgment where plaintiff's claims stemmed from obligations arising from the sale of a home and plaintiff failed to introduce the act of cash sale and related "as is" waiver as evidence).

The only exhibits plaintiffs introduced at the confirmation hearing were their act of sale for the home and the expert report and estimate prepared by Mr. Gurtler, the home inspection and general contracting expert. Plaintiffs do not deny the existence of a written termite agreement and Dr. Mautner testified that he entered into a termite contract with All Pest. Plaintiffs argue, however, that Dr. Mautner's testimony regarding All Pest's duty to eradicate termites from his home is sufficient evidence to establish the obligations breached by All Pest. Based on the jurisprudence explained above, presentation of the termite contract was necessary because plaintiffs' claims arise from the obligations set forth in the termite contract

---

[3] In *Champagne v. Wilson, supra,* this Court recognized an exception to the rule requiring the introduction of the writing when a plaintiff requests admissions regarding the contract or production of the contract from a defendant who fails to comply. However, the record does not indicate that this exception would apply in the instant matter.

they entered into with All Pest.  As this evidence was lacking, the final default judgment was erroneously entered, and must be vacated and set aside.

This finding pretermits our consideration of defendants' remaining arguments regarding the insufficiency of plaintiffs' evidence presented at the confirmation hearing.

**DECREE**

For the foregoing reasons, the default judgment entered in this matter is vacated and set aside, and the matter is remanded for further proceedings.

**JUDGMENT VACATED AND SET ASIDE; REMANDED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **MAY 27, 2020** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

# 19-CA-611

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE E. ADRIAN ADAMS (DISTRICT JUDGE)
KRISTIN M. LAUSTEN (APPELLEE)          GALEN M. HAIR (APPELLEE)          JOSEPH F. LAHATTE, III (APPELLEE)
DENNIS J. PHAYER (APPELLANT)

**MAILED**
JENNIFER D. ZAJAC (ATTORNEY)
2000 CLEARVIEW PARWAY
SUITE 203
METAIRIE, LA 70001